## Samuel S. Reel *v.* William Martin, Appellant.

*Malicious prosecution—Charge of larceny—Cause of action.*

An action for malicious prosecution lies when there is evidence that the plaintiff was committed on a charge of larceny at the defendant's instance, an indictment found and a verdict of not guilty rendered on the trial of said prosecution for larceny.

*Charge of court—Reading statement disapproved—Practice, C. P.*

The practice of reading the plaintiff's statement as part of the charge is to be condemned and will be scrutinized strictly by the appellate court. The appellate court will not, however, reverse because the trial judge read a portion of the statement to the jury, when it does not appear that such reading inflicted any substantial injury upon the defendant.

*Charge of court—Misstatement of fact—When reversible error.*

When it is impossible to say what influence a misstatement made by the judge may have had with the jury on the question of damages, the appellate court will reverse when such misstatement is assigned for error, although it may not have been pivotal as to the main issue in the case.

Argued Nov. 14, 1899.   Appeal, No. 46, Oct. T., 1899, by defendant, from judgment of C. P. Lancaster Co., April T., 1897, No. 12, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed.   Opinion by W. W. PORTER, J.   RICE, P. J. and W. D. PORTER, J., dissent.

Trespass.   Before BRUBAKER, J.

It appears from the record and the evidence that defendant brought a criminal prosecution against plaintiff, charging him with larceny, the complaint before the justice being as follows:

"William Martin, being duly affirmed, according to law, declares and says, that Samuel Reel, of said township, did, on or about the 16th day of May, 1894, and at divers other times before and since then, take from him, the said complainant, quantities of wheat, corn and potatoes, against the will and consent of the said complainant, contrary to the act of assembly in such case made and provided."

Plaintiff Reel was arrested and after attempting to settle the matter, the case was returned to the court of quarter sessions of Chester county, and on the trial the court directed a

verdict of not guilty; thereupon the present action was brought to recover in trespass for malicious prosecution.

At the trial defendant submitted among others the following points.

[1. Under the evidence submitted, the verdict of the jury should be in favor of the defendant. *Answer :* We refuse this point, because, as we look at the matter, all the evidence must be submitted to you for you to pass upon the guilt or innocence of the party here.] [1]

[2. The complaint of March 4, 1895, which was the basis of the criminal prosecution, does not set forth any larceny or criminal offense, only a trespass; and, therefore, defendant cannot be held liable for a malicious prosecution, and the verdict should be in favor of the defendant as to the malicious prosecution. *Answer :* This point is refused for the same reason that we refused the former point.] [2]

The court charged the jury, inter alia, as follows:

[The plaintiff in his statement alleges, in substance, as follows: That he, Martin, "falsely and maliciously, and without any reasonable or probable cause, charged Reel, the plaintiff, with having committed larceny of seventy-five bushels of wheat," and the other articles enumerated in the affidavit, which I have just read, and which, you will remember; that he caused said justice to grant a warrant for Reel's arrest, and caused him to be brought in custody of a constable before said magistrate, to be examined concerning said supposed crime, when Reel was permitted to depart; that on the 7th day of March, 1895, Martin again appeared before said magistrate and caused Reel to be rearrested and to be imprisoned for the space of eight hours, and on the same day caused Reel to be brought in custody before said magistrate to be examined concerning said supposed crime, and procured said magistrate to bind over Reel in a certain recognizance to answer said supposed crime at the next term of quarter sessions court of Chester county, and that on May 2, following, caused Reel to be indicted and tried in said quarter sessions court on a charge of larceny, and a verdict of not guilty was rendered, and said Reel was then discharged out of custody; that, by reason of said criminal proceedings instituted against him, Reel has been and is greatly injured in

·his credit and reputation, and was brought into public scandal and disgrace among his neighbors and other good citizens of the commonwealth, and that he, Reel, by reason of this criminal proceeding against him, has suffered great anxiety and pain of body and mind, and has been forced to expend large sums of money in defending himself in said criminal prosecution.] [3] . . . . [You can also allow such damages as you think proper for the mental pain actually suffered by him while in the cell in Oxford. You may take into consideration the agony of his mind while he was undergoing the trial, from the commencement of the action to the end of the trial in the court of quarter sessions of Chester county, and since then. This finding of damages depends a good deal upon your good common sense, when you come to consider what it should be. Of course, you cannot go beyond the amount asked for by the plaintiff.] [4]

Verdict and judgment for plaintiff for $627. Defendant appealed.

*Errors assigned* were (1, 2) to answers to defendant's points, reciting points and answers. (3, 4) To portions of the judge's charge, reciting same.

*E. M. Gilbert* and *B. F. Davis*, for appellant.—The plaintiff's statement sets forth that defendant "falsely and maliciously, and without any reasonable or probable cause charged the plaintiff with having committed larceny," etc., before the justice, meaning the complaint above cited, and declared upon it as the basis of his suit, which it must be. As we have said, the justice should not have issued a warrant for larceny on such a complaint: Respublica v. John, 1 Yeates, 71; Teal v. Fissell, 18 W. N. C. 71.

Having shown that the complaint before the justice of the peace did not charge any felony, we will now examine whether a suit of malicious prosecution in which the statement complains that he is injured, because a charge of larceny was brought by information against him by the defendant, can be sustained: Leigh v. Webb, 3 Espinasse, 165; Hahn v. Schmidt, 64 Cal. 284; McNeely v. Driskill, 2 Blackf. 259; Maher v. Ashmead, 30 Pa. 344; Baird v. Householder, 32 Pa. 168; Kramer v. Lott, 50 Pa. 495.

The error complained of in the third assignment was in reading from plaintiff's statement in delivering the charge to the jury. The statement itself could not be admitted in evidence for any purpose unless to prove an admission by the opposite party, and why a paper which would be inadmissible in evidence should be read to the jury is inexplicable to us. The trial judge, also, in his charge, told the jury they could not give greater damages than were laid in the statement.

The error complained of in the fourth assignment was in directing the jury to allow damages for something that never took place.

For the reason invoked here the Supreme Court reversed the judgment of the court below in Winters v. Mowrer, 163 Pa. 239, holding that it imposed too great a burden upon the appellant, and it mattered not if done "inadvertently:" Selser v. Roberts, 105 Pa. 242.

*F. S. Groff* and *W. U. Hensel,* for appellee.—There was some dispute about an agreement as to how much wheat Reel was to leave when he quit the place, but Reel's sons testified that the deficiency in the quantity of the wheat put out was owing to Martin's express direction that he should not sow any more wheat.

Upon this trial, we respectfully submit, no error whatever was committed by the learned court in holding there could be recovery on the character of complaint instituted: Stewart v. Thompson, 51 Pa. 158.

A prosecution for a criminal offense being ended, an action on the case for malicious prosecution is the proper remedy: Walbridge v. Pruden, 102 Pa. 1.

One who participates voluntarily in such a prosecution and it is carried on with his consent, countenance and approbation, is a partner in the transaction, liable for the consequences: Cotton v. Huidekoper, 2 P. & W. 149.

That no crime or misdemeanor was alleged in the affidavit for the arrest is not sufficient in itself to relieve the affiant from responsibility in an action for malicious prosecution: Crawford v. Ryan, 7 Atl. Rep. 745.

The defendant cannot justify on the ground that the issuing of the warrant was a mistake on the part of the magistrate, as

the magistrate's advice could not have protected him had he laid all the facts of the case fully before him. " It is no part of his official duties to counsel litigants, and his directions afford no shield for errors committed in pursuance thereof : " Auer v. Mauser, 6 Pa. Superior Ct. 618, 626 ; Bierhofer v. Loeffert, 159 Pa. 365 ; Brobst v. Ruff, 100 Pa. 91.

There is no merit in appellant's third assignment of error. The court did not read from plaintiff's statement the amount of damages claimed, as in Reese v. Hershey, 163 Pa. 253. So the defendant suffered no substantial disadvantage from the judge's slip in referring to Oxford instead of Parkesburg. The " commitment of the plaintiff to answer the charge " was practically the same as his binding over for indictment and trial.

Every confinement of the person is an imprisonment, whether it be in a common prison, or in a private house, or in the stocks, or even by forcibly detaining one in the public streets : 3 Blackstone's Comm. 127.

To support an action of trespass, imprisonment need not be actual incarceration in a jail : Chinn v. Morris, 2 Car. & P. 361 ; Johnson v. Tompkins, 1 Baldwin, 571 ; Pike v. Hanson, 9 N. H. 491 ; Smith v. The State, 7 Humph. 43.

Opinion by William W. Porter, J., January 17, 1900 :

The first two assignments of error are to the refusal of the court to direct a verdict in favor of the defendant. The points of charge were based upon the allegation that the complaint before the justice of the peace did not charge a crime, and that therefore the action for a malicious prosecution could not be sustained. The authorities cited by the defendant sustain the general principle, but the case of Stewart v. Thompson, 51 Pa. 158, determines the point against the defendant on the facts. There a distinction is drawn between a prosecution, founded upon a defective complaint which terminates with attempted indictment, and one which has been pursued by the prosecutor to trial on the criminal charge. The latter course of conduct is held to sustain an action for malicious prosecution. In the present case, the defendant did not stop with a complaint. There was evidence that the plaintiff was committed on a charge of larceny at the defendant's instance. An indictment charging larceny was found. The defendant was a witness for the

prosecution in the trial for larceny in the quarter sessions, which resulted in a verdict of not guilty. The first two assignments of error are overruled.

The appellant assigns as error the reading by the trial judge of a part of the statement of claim in his charge to the jury. In Reese v. Hershey, 163 Pa. 253, the Supreme Court condemned the practice of reading the statement, but laid the stress of their decision upon the fact that the amount of damages claimed was read to the jury. In the present case, the amount of damages pleaded was not read. The statement was used by the trial judge to get the facts as claimed, before the jury. We do not approve this method of charging. The jury are not to pass upon what is claimed in the pleadings, but upon what is proven by the evidence. In the present case, however, we are unable to see that the reading of a part of the statement of claim inflicted any injury sufficiently substantial to warrant a reversal on this ground. The third assignment is overruled.

We are constrained to sustain the fourth assignment of error. The learned judge in discussing in his charge the measure of damages, used this language to the jury : "You can also allow such damages as you think proper for the mental pain actually suffered by him while in the cell at Oxford. You may take into consideration the agony of his mind while he was undergoing the trial, from the commencement of the action to the end of the trial in the court of quarter sessions of Chester county, and since then." This contains a statement of fact wholly at variance with the testimony in the cause. At no time was the plaintiff in prison. He was taken into custody by a constable, who permitted him to procure bail, and while, by the record, he was technically committed for trial, he never was an occupant of a cell. The language used was undoubtedly an inadvertence, but the importance of it is great. The amount of the damages in a case of malicious prosecution is affected more, perhaps, by the fact of actual incarceration and loss of liberty, than by any other element. Instructing the jury that they could allow damages for the mental pain suffered by the plaintiff while in a cell at Oxford, when in point of fact, he was never in a cell at Oxford or elsewhere, opens a door to the allowance of damages wider than the law permits, and unduly increases the defendant's burdens : Winters v. Mowrer, 163 Pa. 239. While not

pivotal as to the main issue in the case, it is impossible to say what influence the misstatement had with the jury on the question of damages. See Steinbrunner v. Railway Co., 146 Pa. 507, 514, Phila. Co. v. Alvord, 128 Pa. 42, and Taylor v. Burrell, 7 Pa. Superior. Ct. 461, 465. The mistake is thus too serious to be passed over by shifting the error to the shoulders of counsel, who omitted to interrupt the charge and secure the correction before the retirement of the jury.

Under the facts proven in this case, we find no error shown by the remaining assignments requiring discussion or sufficiently substantial to warrant reversal.

The judgment is reversed and a new venire is awarded.

RICE, P. J. and W. D. PORTER, J., dissent.