## Mellick *v.* Pennsylvania Railroad Company.

*Road law—Obstruction of road—Act of June* 13, 1836, *P. L.* 558, *sec.* 24.

A contractor for the construction of an approach to a county bridge, who from necessity partially obstructs a public road lying at right angles to the approach to the bridge, is not guilty of violating section 24 of the Act of June 13, 1836, P. L. 558, which is as follows : " Whenever the whole or any part of a road shall be changed or supplied the same shall not be shut up or stopped until the road laid out to supply the place thereof shall be actually opened and made."

*Trespass—Obstruction of public road—Damages—Measure of damages.*

In an action of trespass to recover damages for the obstruction of a public road, where it appears that plaintiff in doing work under a contract was compelled to haul material from a greater distance by reason of the obstruction, the measure of damages is not the cost of the removal of the obstruction, but the actual loss sustained by the plaintiff.

*Railroads—Public roads—Right of way.*

The rights of a railroad company over its right of way do not extend to interference with a public road, although such road may have been inchoately vacated.

*Railroads—Obstruction of public roads—Injunction—Evidence.*

In an action of trespass by a contractor against a railroad company for obstructing a public road by which obstruction plaintiff's cost for hauling is increased, the record of an injunction suit by the county commissioners against the railroad company may be admitted in evidence for the single purpose of proving the date of the injunction, and the railroad company cannot upon the record thus admitted base a point asserting that it could not be held responsible for doing no further work on the road, pending the injunction.

*Trespass—Obstruction of public road—Damages—Charge of court.*

In an action of trespass to recover damages for the obstruction of a public road where there is evidence that the obstruction was intentional, it is not reversible error for the court to charge that if the jury found for the plaintiff that it could give an amount, which in no event could be more than the amount claimed in plaintiff's statement, mentioning said amount.

*Evidence—Trespass—Obstruction of public road—Railroads—Declarations.*

In an action of trespass against a railroad company to recover damages for obstructing a public road, declarations by the railroad company's representatives made while the work of obstruction was going on, and within a short distance of the work, are admissible in evidence.

Argued Jan. 15, 1901. Appeal, No. 42, Jan. T., 1901, by defendant, from judgment of C. P. Columbia Co., May T., 1898, No. 14, on verdict for plaintiff in case of O. B. Mellick v. Pennsylvania Railroad Company. Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ. Affirmed.

Trespass to recover damages for loss sustained by the obstruction of a public road. Before Dunham, P. J., specially presiding.

At the trial it appeared that plaintiff, under a contract with the county commissioners, was, in the summer of 1894, engaged in constructing the approaches to a county bridge. While engaged in this work the railroad company obstructed a public road which plaintiff was using. This obstruction necessitated a longer haul for material. The character of the obstruction and the circumstances under which it was made are stated in the opinion of the Superior Court.

Defendant offered the record of No. 3, September term, 1894, in equity, John Huber and Jacob Bowers, Supervisors of Catawissa Township et al. against North and West Branch Railway Company and the Pennsylvania Railroad, to show that an injunction issued in the proceeding on August 24, 1894, that it was served and continued in force until November 7, following, when it was dissolved.

Objection.    Because not between same parties, and, second, that the matter is collateral to this issue and not binding upon the plaintiff here.    Ruling: "The record is admitted for single purpose of showing the date of the beginning of the proceedings.    The defendant excepts, bill sealed." [13]

The court charged in part as follows :

[If, at the place where the public road, leading from the ferry, was crossed by the approach to the bridge, it was necessary to put in a fill of some fifteen to sixteen feet, then the public authorities, or the contractor under them, had a right, in constructing that new road, to fill it in to the amount that it was necessary to fill it in, in order to construct it so that an approach could be made to the bridge, and if, in so constructing it, it became necessary to shut up this old road, or to close it up for the time being, it became dangerous to the traveling public, then the authorities had a right to shut it up.] [3]

If you find for plaintiff you say in your verdict, "We find in favor of the plaintiff," and give an amount, and that will include all the damages which he has sustained, which, in no event, can go beyond the [amount claimed in plaintiff's narr. or declaration, which is eleven hundred and some dollars.] [10]

Defendant's points were among others as follows :

1. That the railroad company had the legal right to restore the approach of the wagon road from the point under its railroad bridge to the south end of the new river bridge, the wagon road so graded being within the limits of the lessor railroad company's right of way.    _Answer :_ We say to you, gentlemen, that within their right of way the railroad company had the right to do whatever they saw fit—to put in such fills and such materials within their right of way and on either side of their line of way as they desired—so long as they did not interfere with the public highway ; but they had no right to obstruct the

public highway. There is an authority given a railway company where their railway is laid out upon or over the route of a public road to construct their road upon that line, but they must first change the route of the old road, and the new road must be built before they can obstruct the old one. [8]

2. That plaintiff Mellick cannot recover for an alleged obstruction by defendant railroad company, if Mellick had himself before blocked or obstructed the ferry road by a considerable and increasing barrier. And he is estopped by his conduct. *Answer :* That, gentlemen, we do not affirm. He had the right under the authority given him by the commissioners of the county to construct the approach to that bridge in accordance with the plans and specifications furnished to him by the county commissioners. [7]

5. That an injunction from this court having been served August 24, 1894, upon defendant, the railroad company can not be held responsible for doing no further work on old ferry road pending the injunction. *Answer :* That we do not affirm. If when the injunction was served upon this company there was an obstruction in the highway—an obstruction placed there by this company—the defendant company would be guilty of having placed this obstruction there and they would be responsible to any person who suffered actual damage thereby—such damages as were peculiar to himself, as we have before instructed you. [9]

7. That the 180 feet of old ferry road passing under the railroad bridge having been decreed to be supplied by about an equal length of new road crossing the railroad track at grade opposite south end of the new river bridge, plaintiff Mellick being engaged in filling across the old ferry road was violating the 24th section of the act of June 13, 1836, and cannot recover in this action. *Answer :* That we do not affirm. [2]

8. That the 180 feet of old ferry road decreed to be so supplied was an undivided thing—a piece of road to be vacated as a unit—and that plaintiff could not obstruct one part thereof and maintain an action against defendant for alleged other obstruction at another place therein. *Answer :* That, under the evidence in this case, we do not affirm. We hold, gentlemen, that the plaintiff had a right to construct an approach to the

bridge across the old ferry road because it was a part of a new road as laid out—part of a public road. [6]

9. That if the jury believes that Mellick filled up the ferry road, before the railroad company began their grading from under their railroad bridge to Mellick's embankment, then the verdict must be for defendant railroad company. *Answer:* That we do not affirm. [5]

10. That if plaintiff be entitled to recover at all, it must be because of the existence of a public nuisance, and the rule of damages is the cost of removal of the obstruction, which plaintiff, Mellick, has fixed at $5.00 or $6.00. And the railroad company having been enjoined August 24, 1895, plaintiff was at liberty to remove the alleged obstruction, if any in fact existed. *Answer:* That, gentlemen (under the authority of Knowles against the Pennsylvania Railroad Company) we do not affirm. Had the railroad company deposited material or placed material or placed a fence or anything else as an obstruction upon the plaintiff's land, and he were seeking to recover damages caused by that material so placed upon his land or for that obstruction placed upon his land, then the rule of damages would be the damages sustained by reason of the presence of that obstruction upon his land, or if he could remove it for less than the damages that he might show that he received by the presence of that obstruction, then the rule would be the amount that he could remove it for; but, this being an obstruction off the plaintiff's premises and upon a public highway, if he was damaged at all thereby we say that that rule as stated in this point does not apply in this case. [4]

11. That under the act of June 13, 1836, it was necessary for plaintiff to avoid shutting up or stopping the old ferry road until the road laid out to supply the place thereof shall be actually opened and made. *Answer:* That we affirm with this proviso or exception : That if in constructing the new road it was necessary for him—absolutely necessary for him—to occupy the old road and to fill it up, he had the right to do that. He had no right to go into the old road at any place where the new was not required to be made and to construct or to obstruct there any more than any one else had such right. [1]

Verdict and judgment for plaintiff for $1,100. Defendant appealed.

12, (1901).]    Assignment of Errors—Opinion of the Court.

*Errors assigned* among others were (1–11) above instructions, quoting them.    (13) Ruling on evidence, quoting the bill of exceptions.

*James Scarlet*, with him *L. E. Waller,* for appellant.—Plaintiff was guilty of violating the Act of June 13, 1836, P. L. 558 : Londonderry Twp. Roads, 129 Pa. 249 ; Philadelphia, etc., R. R. Co.'s App., 171 Pa. 315.

*Edward S. Gearhart*, with him *W. H. Magill* and *Ikeler & Ikeler*, for appellee, cited on the measure of damages : Knowles v. Penna. R. R. Co., 175 Pa. 624 ; Barclay R. R. & Coal Co. v. Ingham, 36 Pa. 198 ; Reading & Pottsville R. R. Co. v. Balthaser, 126 Pa. 1 ; Penna., etc., R. R. Co. v. Ziemer, 124 Pa. 560 ; Kennedy v. Erdman, 150 Pa. 427.

Cited as to declarations, Baker v. Westmoreland & Cambria Natural Gas Co., 157 Pa. 593.

OPINION BY WILLIAM W. PORTER, J., April 16, 1901.

The plaintiff had a contract with the county commissioners to construct a short piece of road forming the approach to a new bridge over the Susquehanna river at Bloomsburg.   The work consisted almost wholly of filling in between the abutment of the bridge and the bank of the defendant railroad.   The construction, thus contracted for, was to take the place of part of an old public road, called the Ferry road, which ran under the railroad, then parallel to the railroad embankment for a short distance and thence to a ferry landing.   The plaintiff entered upon his work and drew the material to be used in the fill, from a point on the other side of the railroad, using the Ferry road and passing under the railroad bridge.   This made but a short haul.   He had proceeded thus but a few days when the railroad company, as he alleges, emptied several carloads of earth, old railroad ties, etc., over the side of their bridge, making the Ferry road wholly impassable and compelling the plaintiff to procure materials from a new source at a greater distance and at a greater cost.   This conduct on the part of the defendant is alleged to be tortious, and to sustain the verdict rendered in favor of the plaintiff.

The first proposition advanced by the appellants is, that the

plaintiff's work, in making the new piece of road, necessarily involved an obstruction of the Ferry road; that the act of assembly of June 13, 1836, P. L. 558, requires that the road vacated shall not be stopped during the construction of the new road; that the plaintiff was thus violating an act of assembly and that, even if he was injured by the defendants' act of obstructing the old road, he was injured only while attempting to do an illegal act. The court below held, in effect, that the provision of the act of assembly, in the main, contemplated the laying out of new roads and the vacating of old ones in cases where the two were separate and apart; but that where the construction of the new road involved necessarily a temporary obstruction of the old one, the provisions of the act were sufficiently elastic to permit the work to be done. In the case before us, it was an impossibility to construct the approach to the bridge without crossing the old Ferry road at right angles and with an embankment. If the provisions of the act of assembly are applicable in strictness to such a case, that which was undertaken was practically impossible of performance; and all improvements of like kind, which involve a temporary obstruction of an old road during the building of a new one, be it but for a moment, would be impossible of construction. This would be giving an effect to the act which was not in contemplation by its framers, as we believe. The construction to be given must be such as not to result absurdly nor in injury to the public whose convenience and benefit are intended to be guarded. The act does not apply to temporary or partial obstruction absolutely necessary to the progress of the public improvement, but to a total shutting up or stoppage of the old road. It is to be observed that the evidence for the plaintiff was that he maintained the Ferry road in a passable condition while pursuing the work of constructing the new road; that the Ferry road was in such condition when the defendant company cut him and the general public off from the use of the Ferry road; that his method of working was such that it would have so remained until the filling in of the new road was completed. Testimony for the defense, of course, denied these matters of fact, but they went to the jury with the result that the plaintiff's allegations were sustained. Thus, even if the construction of the act be wrong, the verdict may be regarded as a finding that the plain-

tiff had not in fact shut up or stopped the Ferry road, but had maintained it in passable condition, and, therefore, that he had not violated the act of assembly.

The defendant company further claims that the measure of damages was the cost of the removal of the obstruction alleged to have been placed by the defendant company in the Ferry road to the injury of the plaintiff. The plaintiff admits, on cross-examination, that the cost of such removal would have been, perhaps, $5.00 or $6.00, but he also adds that he was warned by the representatives of the defendant company not to attempt to remove or level the obstruction, and notified that they would persist in maintaining the obstruction. We think the learned judge of the court below was right in his view of the measure of damages, based upon the case of Knowles v. Penna. R. R. Co., 175 Pa. 624. An obstruction in that case was placed in a public road by a railroad company. The plaintiff was hauling dirt and stone, under a contract, for grading and building purposes. By the obstruction the plaintiff's cost of hauling was largely increased because of the necessitated change of route. This was held to be a loss beyond that suffered by him in common with all others affected by the nuisance. The court say: " It is clear, therefore, that the plaintiff suffered material loss or damage by reason of the obstruction which was the original subject of complaint in this action."

The defendant company claims that it had the right to obstruct the old Ferry road because it was on their right of way. The evidence is not conclusive that it was on their right of way. Evidence was submitted by the plaintiff showing that it had been a public road in public use for more than thirty years. The learned trial judge was right in saying that the rights of the defendant company over its right of way did not extend to interference with the public road, although at the time of its obstruction the road was inchoately vacated. The point of charge, which raised this question, might have been refused entirely. We cannot see that any injury was suffered by the defendant company in the explanatory answer made to the point.

Reference to the fact that an injunction was served upon the defendant company is found in the cross-examination of the witnesses for the plaintiff. The defendant company offered in

evidence the record of the injunction and it was rejected, except for one purpose. The injunction proceedings were not between the same parties. The court admitted the record to prove the date of the injunction, but for no other purpose, and we think properly. This being so, the defendant company was not entitled to the affirmance of a point asserting that the company could not be held responsible for doing no further work on the Ferry road pending the injunction.

The defendant company complains that the court below, in charging the jury upon the matter of damages, referred to the amount claimed in the statement of claim, and that this is in violation of the rule laid down in Reese v. Hershey, 163 Pa. 258, in which the trial judge was reversed for reading the plaintiff's statement to the jury, including the averment of damages. We do not think that the present case comes within the authority cited, although the stress of the opinion is there laid upon the reading of the amount of the damages claimed : Reel v. Martin, 12 Pa. Superior Ct. 345. The statement of claim, in this case, is not well drawn in that it claims a sum of money with interest from a given date. The action is in trespass. The amount of the verdict is approximately the aggregate of the amount of specific damages claimed, plus interest to trial. Interest cannot be recovered as interest, but interest may be allowed as damages : Penna., etc., R. R. Co. v. Ziemer, 124 Pa. 571. The evidence for the plaintiff, if believed by the jury, was sufficient to support a recovery of damages, but not in excess of the gross amount claimed in the statement. There was some testimony which tended to stimulate the jury to the giving of excessive punitive or exemplary damages. The trial judge in referring to the amount claimed as damages, was putting a limit and a check upon the jury. It did not have a tendency to " get figures and amounts into the jury's minds without evidence." See Reese v. Hershey, supra. There was evidence in the case to warrant the recovery of exemplary damages, and the statement of claim setting forth the facts generally, was broad enough to let in the evidence : Kennedy v. Erdman, 150 Pa. 427. The testimony, if believed, warranted the finding that the stoppage of the Ferry road by the railroad company was intentional; that its purpose was to prevent the plaintiff from going forward with his work; and that the motive was the prevention of a

12, (1901).]        Opinion of the Court.

grade crossing which would follow the construction of the approach to the bridge.

There remains but one other question, namely, whether there was error in permitting the plaintiff to testify to statements made to him by Ridgely and Kromer. The first was the local supervisor of the railroad, and the latter the conductor of the gravel train. The former took his instructions, in regard to the dumping of the material by the railroad upon the public road, from the assistant engineer of the company. The declarations testified to by the plaintiff and others were when the defendant company's representatives were engaged in obstructing the highway for the railroad company, and the conversations were held within a short distance of the work itself. The declarations were made by the representatives of the company for the doing of the particular work complained of: Baker v. Westmoreland & Cambria Natural Gas Co., 157 Pa. 600. We think that no error was committed in admitting the testimony.

We can find no reversible error committed and, therefore, the judgment is affirmed.