## Rumsey *v.* Shaw, Appellant.

*Contract—Sale—Misrepresentation—Auction—Charge of court.*

In an action to recover a balance of purchase money due for an option on the stock of a corporation, where the defendant sets up misrepresentations by the plaintiff as to the amount of net earnings of the corporation, and there is no allegation of misrepresentations as to the physical plant of the company, it is error for the court to instruct the jury that they might infer from the fact that defendant had inspected the plant, or from information conveyed to him, that he had a full knowledge concerning the plant including its income, and if they did so infer, the defense set up could not be sustained.

*Sale—Rescission—Fraud—Damages—Equitable defense.*

If it is not possible for a vendee to restore the conditions which had existed at the time of his contract of purchase, when he discovers that he has been the victim of misrepresentations, he may, without a formal rescission of the contract, have compensation in damages for the injury as an equitable defense to an action on the contract, or to be recovered in a suit for them.

When a party relies upon a rescission of a contract he must show that he elected to rescind with reasonable promptness upon discovery of the fraud, and must tender a return of the property or security which was the

subject-matter of the contract. When, however, the thing, the consideration of which is sought to be recovered back, is entirely worthless, there is no duty to return it.

Where in an action to recover a balance of the purchase price of an option on the stock of a corporation, the defendant sets up as a defense false representations made by the plaintiff as to the net earnings of the company, and it appears that the defendant shortly before the expiration of the option secured a new option, and within a reasonable time ascertained that the representations as to the first option were false and by this time the first option had expired, he can set up the false representations as a defense, although he had not rescinded the contract and tendered back the first option.

Argued Nov. 10, 1903. Appeal, No. 18, Oct T., 1903, by defendant, from judgment of C. P. Lancaster Co., April T., 1901, No. 2, on verdict for plaintiff in case of George E. Rumsey v. P. B. Shaw. Before RICE, P. J., BEAVER, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit to recover the balance of purchase money of an option. Before LANDIS, J.

[If, however, from his own inspection of the plant prior to November 13, or from the information conveyed to him by Mr. Kinter, he had full knowledge concerning the plant including its income, he could not make this defense to this action, for then at the time he obtained the option from Rumsey he would not have given the note on the faith of what Rumsey said, or what the paper said, but upon the strength of his own knowledge.]

[You however can render no verdict for any amount in favor of the defendant. In this case the plea put in by them is set-off. They claim by reason of having paid $1,000 instead of the plaintiff being entitled to a verdict they are entitled to recover back that $1,000, and that the certificate should be returned in their favor for that amount. We say to you that you cannot do that in this case.] [4]

Plaintiff presented this point:

1. The defendant was bound immediately, upon learning of the alleged fraud, to elect whether he would rescind the contract or waive the fraud and his delay until after the commencement of this suit to make such election is fatal to his defense, by reasons of laches. *Answer :* We say that this is a correct statement of the law governing the rescission of contract,

where one person sells to another any property, whether real or personal, but here according to the testimony Rumsey released his option and had it canceled, and then Shaw secured a new option. The question of rescission does not therefore seem to me to enter into the case except as to the set-off, and so far as that is concerned we have already fully determined that question in the general charge by saying to you there can be no set-off in this case. The question, therefore, is only whether Shaw got what Rumsey represented he had to sell, and if he did he must pay the $500 which he promised to pay, and if he did not, but was deceived by something which was presented to him which was not true, and he bought it entirely upon that information, then he is not bound to pay for what he did not get. [5]

Verdict and judgment for plaintiff for $581.25. Defendant appealed.

*Errors assigned* among others were (3–5) above instructions, quoting them.

*C. E. Montgomery*, for appellant.—Where misstatements of the evidence have been made upon the pivotal point, the failure of counsel to call the court's attention to the same at the time does not relieve the court, and a new trial must be granted: Steinbrunner v. Pittsburg, etc., Ry. Co., 146 Pa. 504; Paul v. Kunz, 195 Pa. 207; Galbraith v. Philadelphia Co., 2 Pa. Superior Ct. 359.

A contract entered into in a mutual mistake as to an essential fact which formed the inducement to it, may be rescinded on discovery of the mistake, if the parties can be placed in their former position with reference to the subject-matter of it. But if this is not possible by reason of something done under the contract before the mistake was discovered, the injured party may have compensation in damages, as an equitable defense to an action on the contract, or to be recovered in a suit for them : Blygh v. Samson, 137 Pa. 368.

*T. B. Holahan*, with him *M. Alexander* and *R. V. Alexander*, for appellee.—The appellate court will not reverse by reason of an alleged misleading charge where, taken as a whole, the instructions were neither unfair nor misleading, and the inac-

curacy referred to was not a misstatement on a pivotal fact, and ought to have been called to the attention of the court at the conclusion of the charge, if deemed material by counsel: Claflin Co. v. Querns, 15 Pa. Superior Ct. 464; Taylor v. Burrell, 7 Pa. Superior Ct. 461; Knapp v. Griffin, 140 Pa. 604; Yerkes v. Wilson, 81 * Pa. 9; Krepps v. Carlisle, 157 Pa. 358; Lewis v. Springfield Water Co., 176 Pa. 237; Fineburg v. Second & Third Streets Passenger Railway Company, 182 Pa. 97; Mann v. Cowan, 8 Pa. Superior Ct. 30.

As a general rule, it is well settled that a contract induced by fraud is not void, but voidable only at the option of the party defrauded. In other words, it is valid until rescinded, and it is for the defrauded party to elect whether he will be bound; but, if he affirms the contract, he must affirm it in all its terms: Howard v. Turner, 155 Pa. 349.

Where rescission is not declared in judicial proceedings no further rule can be laid down than that there should be prompt repudiation and restitution so far as possible: Leaming v. Wise, 73 Pa. 173; Inlow v. Christy, 187 Pa. 186; Hilliard v. Wood Carving Co., 173 Pa. 1; Davis v. Stuard, 99 Pa. 295.

OPINION BY PORTER, J., July 28, 1904:

The plaintiff being the owner of an option to purchase all the stock of the Martinsburg Electric Company, of Martinsburg, W. Va., at the price of $50,000, which option expired on November 14, 1899, employed one Wilbur to assist him in making a sale of the option. Wilbur presented the matter to the defendant and, after some preliminary negotiations, the parties, plaintiff, defendant and Wilbur, met at Martinsburg on November 13, 1899. The defendant found that the extent and physical condition of the property of the electric company was as it had been represented to be, but desired additional time to investigate as to the amount of the net earnings which resulted from its operations. The stockholders of the electric company gave to the defendant a new option upon the stock, at the same price, which extended until February 15, 1900, he paying to the company for such new option the sum of $2,500, which was to be credited upon the purchase price in case the option was closed. The defendant, on November 13, 1899, entered into an agreement to pay the plaintiff $1,500, for his op-

tion which expired the next day, and paid $1,000 of said amount in cash and agreed to pay the remaining $500 on or before February 15, 1900. The $500 was not paid within the time specified, and for the recovery thereof the plaintiff brought this action.

The defense is upon the ground that Shaw was induced to enter into this contract upon the faith of positive representations made at the time as to the amount of the net earnings of the electric company, which representations were upon investigation discovered to be false. There was evidence which if believed would have warranted a finding that plaintiff and his associate, Wilbur, in his presence had represented to the defendant that the earnings of the company were not less than $6,000 per annum. There was no question in controversy at the trial which involved the extent and condition of the lands and equipment owned by the company ; the contest was over the amount of the net earnings of the company and the representations which plaintiff had made with regard to the same. It is an undisputed fact that the defendant, after the books of the company had been examined by an expert for the purpose of ascertaining the actual amount of the net earnings, and as the result of that examination, let the new option, which he had taken in his own name, lapse and lost the $2,500, which he had paid to the stockholders of the electric company.

The jury were in substance instructed, in the language which is the subject of the third specification of error, that they might infer from the fact that the defendant had inspected the plant of the company, or from the information conveyed to him by Kitner that the defendant had full knowledge concerning the plant including its income, and, if they did so infer, that the defense set up could not be sustained. The defense was not upon the ground that the physical plant of the company was not what it had been represented to be ; the sole complaint of the defendant was that the amount of the net income had been misrepresented. There was no evidence that the defendant, prior to the making of this contract, had been permitted to inspect the books of the company or had any opportunity to ascertain the amount of the company's revenues, nor was there any evidence that Kitner had communicated to him any information upon that subject. This instruction might well have

lead the jury to understand that they could base their verdict on a finding of fact of which there was no evidence, and the specification of error must be sustained: Paul v. Kunz, 195 Pa. 207; Reel v. Martin, 12 Pa. Superior Ct. 340.

The court below held, in the ruling, which is the subject of the fourth specification of error, that the defendant could not set off, as against the claim of the plaintiff, the amount of the damages which he had sustained by reason of being led to part with his money through misrepresentations as to the net income of the company the entire issue of the stock of which was the subject of the option with regard to which the parties contracted. The reason of the learned judge for so holding, as stated in his opinion refusing a new trial, was because the defendant had failed to promptly rescind the contract and tender back to Rumsey the option with regard to which they had bargained. The damages which the defendant attempted to set off grew out of the same contract upon which the action was brought. The option of Rumsey expired the day after this contract was made, the defendant obtained a new option for the purpose of enabling him to have an examination made into the amount of the income of the company; there does not seem to have been any unreasonable delay in the making of this examination, and when it was completed the Rumsey option had expired. When the defendant discovered the facts which would have warranted a rescission of the contract it was not possible to place the parties in the position which they had occupied at the time the contract was made for the reason that the property, the Rumsey option, which was the subject of the contract, had ceased to exist. When it is not possible for a vendee to restore the conditions which had existed, at the time of his contract of purchase, when he discovers that he has been the victim of misrepresentation he may, without a formal rescission of the contract, have compensation in damages for the injury, as an equitable defense to an action on the contract, or to be recovered in a suit for them: Blygh v. Samson, 137 Pa. 368. When a party relies upon a rescission of a contract he must show that he elected to rescind with reasonable promptness upon discovery of the fraud, and must tender a return of the property or security which was the subject-matter of the contract: Cornelius v. Lincoln Nat. Bank, 15 Pa.

Superior Ct. 82.   When, however the thing, the consideration
of which is sought to be recovered back, is entirely worthless,
there is no duty to return it: Babcock v. Case, 61 Pa. 427 ;
Beetem v. Burkholder, 69 Pa. 249.   The fourth specification
of error is sustained.

The judgment is reversed and a venire facias de novo
awarded.