## Paul *v.* Kunz.

195      207
25 SC ²391
195      207
212      578

*Trial—Erroneous statement of fact in charge.*

A manifestly erroneous statement of fact in the charge is ground for reversing a judgment on a verdict.

On the trial of an issue to determine whether a judgment note given by a husband to his wife in payment for a business is valid or not, a judg-

ment on a verdict against the wife will be reversed, where the trial judge in his charge states to the jury that there was evidence that the wife started the business in her own name with money given to her by her husband, when as a matter of fact the testimony was that she started the business with money given to her by her father.

*Fraud—Judgment—Discretion.*

On an issue to determine the validity of a judgment, where the question of fraud is squarely raised, considerable latitude should be allowed in the admission of evidence. Such a case is to be determined by the jury under all the evidence submitted, and in passing upon the question of fraud the proper latitude should be allowed.

Argued Jan. 9, 1900. Appeal, No. 260, Jan. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., June T., 1894, No. 282, on verdict for plaintiff, in suit of Mickle C. Paul, trading as Paul Brothers, v. Anna Kunz. Before GREEN, C. J., McCollum, Mitchell, Dean, Fell, Brown and Mestrezat, JJ. Reversed.

Issue to determine the validity of a judgment. Before ARNOLD, P. J.

At the trial it appeared that in 1889, a retail business was started in Philadelphia under the name of A. Kunz. Plaintiff testified that she had started this business with $1,000 which she had received from her father. The defendant contended that the business was really owned by the husband. In 1893, defendant's husband gave her a judgment note for $3,000 which was claimed to be in payment for the business. When George W. Snyder, a witness for plaintiff, was called, the following question was asked him:

" Q. Did the wife in that conversation, had in 1892, state that she had any money to put in the business when she came from the old country ? "

Objected to.

" Mr. Simpson : I have no objection to Mr. Johnson asking the question, what, if anything, did the wife say to you or in your presence. I object to the counsel leading the witness."

Objection overruled. Exception for defendant. [1]

" A. No, sir."

Defendant presented the following point :

The verdict must be for the defendant. *Answer:* Refused. [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1) rulings on evidence, quoting the bill of exceptions; (2) portion of the charge quoted in the opinion of the Supreme Court; (3) answer to defendant's point.

*Alexander Simpson, Jr.,* with him *Charles Knittel,* for appellant.—The question asked by appellees of George W. Snyder, was a leading question, and improperly allowed.

It may be conceded that ordinarily a mistake would not constitute reversible error, where, as here, the trial judge said that the husband not being indebted could legally give his wife the money. Unfortunately, however, the case was left to the jury to find for appellant solely in case they believed that the business was "started with the earnings of Peter Kunz," exactly as appellees argued, whereas appellant's claim was that it was started with her own money.

*George E. Johnson,* with him *C. Wilfred Conard,* for appellee.—The improper allowance of a leading question is no ground for reversal: Ins. Co. v. Bair, 87 Pa. 124; Stephen on Evidence, art. 128, p. 224.

Considerable latitude and discretion must necessarily be left to the trial judge in commenting on the evidence and unless unfair and misleading the Supreme Court ought not to interfere: Com. v. Doughty, 139 Pa. 383; Jaffray & Co. v. Frothingham, 148 Pa. 213; Knapp v. Griffin, 140 Pa. 604.

Fraud is always a question for the jury alone: Craver v. Miller, 65 Pa. 456; McGrann v. R. R. Co., 111 Pa. 171; Heath v. Slocum, 115 Pa. 549; Cover v. Manaway, 115 Pa. 338; Patterson v. Dushane, 115 Pa. 334; Gates v. Watt, 127 Pa. 20; McKnight v. Bell, 135 Pa. 358; Lamb v. Irwin, 69 Pa. 436.

Where a witness goes upon the witness stand and swears positively to a fact, and that fact is not contradicted, it is established and there is nothing to submit to the jury: Grambs v. Lynch, 20 W. N. C. 376.

OPINION BY MR. JUSTICE BROWN, March 26, 1900:

This was a feigned issue to determine whether certain moneys, realized on a sheriff's sale of personal property, belonged

to Anna Kunz, the plaintiff in the execution under which it had been sold, or ought to be paid to Paul Brothers, attaching creditors of the defendant in the same, who claim that the execution issued by the appellant was fraudulent and void as to them. It is contended, on behalf of the appellant, that in 1889, she began to conduct business as a dealer in shoes, and continued the same until 1893 when she sold out to her husband, taking his judgment note for $3,000 in payment of the purchase money for the business and stock of goods sold to him. The contention of the appellees was, that the business had really always been that of Peter Kunz, the husband; that it had never been actually conducted and carried on by the appellant; that the judgment given to her by her husband for $3,000 was fraudulent, and that they, and not she, were entitled to the proceeds of the goods sold. Under the evidence, the question of fraud was fairly raised; but it ought to have been properly submitted to the jury for their determination, and no inaccurate statement of what had been proved should have been made by the learned trial judge. Whether the appellant was entitled to the fund realized on the sheriff's sale was to be determined by the jury, under all the evidence submitted, and, in passing upon the question, proper latitude was allowed. The first and third assignments of error are, therefore, overruled; but we must sustain the second, in view of the inaccurate statement inadvertently made by the court in its charge to the jury, in saying: "It appears that the parties were poor in early life, and Peter Kunz was a shoemaker. It seemed that he worked at his trade and managed to save a little money. I think some $500 had been mentioned as his savings, with which he went into business, and it has been testified here, and it is for you to say whether it is true, that the business was carried on in the wife's name; in other words, Mr. Kunz took his $500 and gave it to his wife, for the purpose of carrying on the business in her name. If that is true, that was perfectly lawful, because there has been no evidence that, at that time, Mr. Kunz had any idea of defrauding any creditors, especially these creditors here. When a man is out of debt and is not intending to defraud anybody, he has a perfect right to give his property or money to his wife. We start, then, with the beginning of the case, as testified by the witnesses, and it is for you to say

whether you believe the testimony, that, when the business was started with the earnings of Peter Kunz, it was started in the name of Anna Kunz by Peter and his wife, and that the business was hers."

Nothing in the testimony of the appellant or her husband justifies the foregoing remarks to the jury. She testified that, when she started in business in 1889, she put into the same $1,000, moneys received from her father in Germany, and the $500 referred to by the trial judge in his charge was money that the husband said he had when he purchased the business from her in 1893. In this she corroborates him. She testified that she had started the business in 1889 with her own money, having put the $1,000 into it; but nowhere in the charge is there any reference made to this. The language of the court above quoted clearly, but improperly, indicated to the jury that they were to find for the appellant, provided they believed that Kunz had given his wife the $500 in 1889 with which to start business. The trial judge manifestly overlooked the testimony, and what he said may have misled the jury. We are, therefore, compelled to remit the case for another trial, that, if the facts are to be reviewed by the court in its charge, they may be accurately stated. The judgment is reversed and a venire facias de novo awarded.