## Geiger v. Pittsburgh Railways Co., Appellant.

*Negligence—Street railways—Passenger—Contributory negligence—Assault by motorman—Erroneous charge.*

1. Where a driver of a beer wagon gets into an altercation with the crew of an open summer car, and while attempting to get on the car for the alleged purpose of going to the car-barn to complain, which purpose was denied by the company, he is killed by another car colliding with him, it is reversible error for the court to give no instructions whatever as to what was necessary to constitute the deceased an actual or intending passenger, and to ignore the question of contributory negligence, and to permit the jury to infer that the case turned only on whether the deceased was or was not a passenger, or intending passenger at the time.

2. If the deceased was killed while forcing his way into the car from the wrong side, and at an unusual and improper place, he could not have been regarded as a passenger, and the jury should have been so instructed; if he was attempting to get upon the car by climbing over the guard rail from the wrong side, just before he collided with the other car, the mere fact that he had succeeded in getting his feet upon the running board, and even upon the body of the car, would not be sufficient to constitute him a passenger.

3. In such a case it was also error on the part of the trial judge to leave it to the jury to say whether or not the deceased's injury resulted from his being struck by the motorman, without giving to the jury any instructions as to the scope of the motorman's employment.

Argued Oct. 25, 1911. Appeal, No. 52, Oct. T., 1911, by defendant from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1908, No. 222, on verdict for plaintiff in case of Mary Geiger, survivor of Adam Geiger, dec'd.

and Mary Geiger v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Trespass to recover damages for death of plaintiff's son. Before DAVIS, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The defendant presented the following points:

Third: A person attempting to board a car by climbing over the guard rail on the blind side of an open car, is not a passenger, and the mere fact that he gets into the body of the car in safety does not make him a passenger.

Answer: Refused. (2)

Fourth: The deceased, Michael Geiger, in attempting to board an open summer car on the blind side, placed himself in a dangerous position, and was guilty of contributory negligence; therefore, the plaintiff in this case is not entitled to recover.

Answer: This point is affirmed, if you find that this accident arose from the facts that this point will cover, namely: That this man placed himself in a dangerous position, where he ought not to have placed himself, and where he took the risk; and if he lost his life there, that then he was guilty of contributory negligence and she could not recover in this case. (3)

The court charged in part as follows:

["And if you arrive at the conclusion, from the weight of the evidence, that this Michael Geiger was a passenger or an intending passenger, and did not go to that front platform for the purpose of renewing this altercation, then there could be a recovery in this case. And then you come to the question of damages."] (4)

Verdict and judgment for plaintiff for $2,898. Defendant appealed.

*Errors assigned* among others were (2-4) above instructions quoting them.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.—Geiger was not a passenger: Penna. R. R. Co. v. Price, 96 Pa. 256; Bricker v. R. R. Co., 132 Pa. 1; Blair v. Rapid Transit Co., 36 Pa. Superior Ct. 319.

The burden of proving the scope of the motorman's duty was upon the plaintiff, and there being a total lack of evidence upon that point, the plaintiff has failed to make out a case: Rudgeair v. Reading Trac. Co., 180 Pa. 333.

*Rody P. Marshall,* with him *Thos. M. Marshall,* for appellee.—A person may be a passenger, although he violates a rule of the company in boarding the car: Penna. R. R. Co. v. Books, 57 Pa. 339; Smith v. Ry. Co., 18 N. Y. Supp. 759; Penna. R. R. Co. v. Vandiver, 42 Pa. 365; Tilburg v. Ry. Co., 217 Pa. 618; Barre v. Ry. Co., 155 Pa. 170; Pittsburgh & Connellsville R. R. Co. v. Pillow, 76 Pa. 510.

The company was liable for the motorman's misconduct: Artherholt v. Motor Co., 27 Pa. Super. Ct. 141; Rudgeair v. Traction Co., 180 Pa. 333; McFarlan v. R. R. Co., 199 Pa. 408.

As a matter of law it makes no difference whether a passenger or trespasser, it is the duty of the defendant company not to put a person off in a dangerous place or to use more force than is necessary in ejecting either a passenger or a trespasser: Biddle v. Ry. Co., 112 Pa. 551; Penna. Co. v. Toomey, 91 Pa. 256; Penna. R. R. Co. v. Lewis, 79 Pa. 33; Enright v. R. R. Co., 198 Pa. 166; Amold v. Penna. R. R. Co., 115 Pa. 135; Sharrer v. Paxson, 171 Pa. 26.

OPINION BY MR. JUSTICE POTTER, February 5, 1912:
This was an action of trespass brought by Adam

Geiger and Mary Geiger, his wife, against the defendant company, to recover damages for the death of their son, Michael Geiger. The latter was the driver of a beer wagon. On the evening of September 6, 1909, he stopped his wagon and two horse team in front of a saloon on the corner of 27th and Carson streets, Pittsburgh. Geiger went into the saloon leaving the team standing between the curb and the street railway track. An open summer car came along, and, owing to the narrow space between the track and the curb, was unable to pass. Geiger was called out of the saloon and instead of promptly starting his team and clearing the way for the car, he engaged in an altercation with the men in charge of the car. He attempted to board the car, as appellant claims, for the purpose of assaulting the motorman; but counsel for appellee maintain that it was for the purpose of riding to the car barn, in order to make complaint against the motorman and conductor. Geiger was prevented from getting on the car at the side nearest the curb by the motorman of another car which had also been stopped, and he went around in front of the car, falling over the fender as he passed, and tried to board the car from the inner side. He got up on the running board and put one leg over the chain or bar that prevented access to the front platform on that side. The evidence indicates that while in this position he was struck by a car coming from the opposite direction on the other track, and so injured that he died in a short time. It was contended on the part of plaintiff that he motorman either struck or struck at Geiger while he was attempting to get upon the platform.

The trial judge refused binding instructions for the defendant, and submitted the case to the jury who found a verdict for the plaintiff. The defendant has appealed, and in the fourth assignment of error, counsel have alleged the inadequacy of the charge, in that the jury were instructed that if they found the decedent was a passenger or an intending passenger, and did not go to the

front of the platform for the purpose of renewing the altercation, there could be a recovery in this case. This instruction to the jury gave no intimation whatever as to what was necessary under the circumstances, to constitute Geiger an actual or intending passenger. It was also inadequate in that it ignored the question of contributory negligence, and permitted the jury to infer that the case might turn entirely on the question of whether Geiger was or was not a passenger or intending passenger at that time. This error is repeated and emphasized near the conclusion of the charge, where the court says: "So that, as the court has said to you, the first question for you to determine in this case is whether this Michael Geiger was ever a passenger upon that car or an intending passenger. If he was not, then there can be no recovery in this case."

It is very difficult, under the evidence in this case, to reconcile the verdict of the jury in favor of the plaintiff, with any proper understanding by the jury of what was required to constitute a passenger. If Geiger was hurt while forcing his way into the car from the wrong side, and at an unusual and improper place, he should not have been properly regarded as a passenger at the time, and the jury should have been plainly so instructed. If Geiger was attempting to get upon the car, by climbing over the guard rail from the wrong side, just before he collided with the other car, the mere fact that he had succeeded in getting his feet upon the running board, or even upon the body of the car, would not be sufficient to constitute him a passenger.

The learned trial judge also left it to the jury to say whether or not Geiger's injury resulted from his being struck by the motorman. It does not appear, however, that the jury was given any instructions as to the scope of the motorman's employment. If his alleged action in striking at Geiger was not within the line of his employment, or if it was in self defense, in attempting to protect himself from the unprovoked assault of Geiger,

the defendant company should not have been held responsible. The circumstances of the accident were most unusual. As disclosed by the evidence, the conduct of Geiger in attempting to mount the car at the time and place and in the manner in which he did, was apparently without any valid reason or excuse. The case called for unusually complete and careful directions to the jury in order to insure a just verdict. We feel that the charge did not adequately cover the essential questions involved.

The fourth assignment of error is sustained, and the judgment is reversed with a venire facias de novo.