# Barton *v.* Saylor, Appellant.

*Contract—Marriage—Breach of contract—Damages — Evidence —Charge—Statute of limitations.*

1. In an action for breach of promise of marriage, it is reversible error for the court to charge the jury that it could give additional damages, if, there is any evidence that defendant did anything to besmirch the character of the plaintiff, where there is no evidence that defendant in any way did so.

2. An offer of evidence, not admitted, that plaintiff kept company at late hours with other men, after the time of the alleged breach, does not justify such charge.

3. Where there is a breach of a contract of marriage the statute of limitations runs only from the time of the breach, and not from the time of the engagement.

4. In such case it is immaterial what length of time may have elapsed between the date of the promise and the date of the breach, if neither party makes an attempt to cancel the engagement or pursues a course of conduct which might be construed as having that effect, and both treat the engagement as continuing by openly recognizing its existence.

Argued May 15, 1923. Appeal, No. 328, Jan. T., 1923, by defendant, from judgment of C. P. York Co., Aug. T., 1921, No. 99, on verdict for plaintiff, in case of Wenona B. Barton v. Daniel P. Saylor. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit for breach of promise of marriage. Before Ross, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

*Errors assigned,* among others, were instructions, recited in opinion of Supreme Court, quoting them.

*W. F. Bay Stewart,* with him *Amos Herrmann* and *Frederick B. Gerber,* for appellant.—The cause of action was barred by the statute of limitations: Barclay v. Barclay, 206 Pa. 307; Fritz v. Hathaway, 135 Pa. 274; Hyatt v. Johnston, 91 Pa. 196; Sidney Furniture Co. v. School Dist., 122 Pa. 494; Greber v. Kleckner, 2 Pa. 289; Phila., etc., Traction Co. v. Alvord, 128 Pa. 42; Steinbrunner v. R. R., 146 Pa. 504; Rumsey v. Shaw, 212 Pa. 576; Reel v. Smith, 12 Pa. Superior Ct. 340; Kelly v. Eby, 141 Pa. 176; Hasson v. Klee, 168 Pa. 510; Renn v. Tallman, 25 Pa. Superior Ct. 503.

*Donald H. Yost,* with him *Jacob E. Weaver,* for appellee, cited, as to the statute of limitations: Fritz v. Hathaway, 135 Pa. 274; Wagenseller v. Simmers, 97 Pa. 465; Barclay v. Barclay, 206 Pa. 307.

As to the charge: Sergeant v. Martin, 133 Pa. 122.

OPINION BY MR. JUSTICE FRAZER, June 23, 1923:

In 1921 plaintiff sued to recover damages for breach of promise of marriage made in March, 1908, averring that, although a reasonable time had elapsed, defendant failed and refused to carry out his promise, and, on the contrary, was about to marry another. The court below submitted the case to the jury which returned a verdict for plaintiff and from judgment entered thereon defendant appealed.

The trial judge in his charge to the jury affirmed a point submitted by plaintiff, in substance, that, if en-

titled to recover, her mental anguish and disappointment
are elements to be considered in arriving at the measure
of damages, adding further that the law goes not only to
the extent stated but gives further damages "if the evi-
dence indicates any attempt on the part of defendant
......to besmirch the character or the purity of the
plaintiff; ......if such evidence appears, and only if
such evidence appears, you can take that instruction into
consideration." Counsel for defendant objected to this
language calling attention of the court to the fact that
there was no evidence of any damage except that result-
ing from disappointment, pain, suffering and mental
anguish, to which the court stated: "There was an at-
tempt in the presence of the jury to prove by a witness,
that was not admitted, to show that this plaintiff kept
company at late hours with other men, after a time when
she alleged in her statement the breach occurred. That
is to be calculated by a thoughtful, impartial jury as
unfair, and can be considered by the jury." Later on
counsel further objected that nothing appeared in the
evidence tending to besmirch the character of plaintiff
and asked that the portion of the charge making such
reference be withdrawn, to which request the court said:
"I don't think that the counsel in any way tried to be-
smirch the plaintiff's reputation or character. I stated to
you, as a general proposition of law, that when the effect
of the defendant's evidence, after a breach has been made,
or a suit has been begun, even up to and during a trial,
if it impresses you as an intent to besmirch the char-
acter of the plaintiff, even though the evidence was not
admitted, it can be considered by you. That is what I
consider the law though I don't think there was any
effort of that kind."

Although the trial judge attempted to impress upon
the jury the fact that in his opinion there was no attempt
to impeach plaintiff's character, the language used may
readily have left the jury under the impression it was,
nevertheless, for them to say whether such attempt was

made at the time defendant offered evidence of plaintiff entertaining at her home a young man who was shown to be a friend of the family. There was absolutely nothing contained in the rejected offer that could be held to indicate improper conduct on the part of plaintiff and it is impossible to say to what extent the language quoted may have influenced the verdict. The trial judge should have stated positively that no evidence had been proposed of the character under discussion. Under the circumstances we feel bound to reverse the judgment and order a new trial.

As the case goes back for another trial, discussion in detail of the remaining assignments of error is unnecessary. It is sufficient to say they show no cause for reversal. The only important question raised relates to the time the statute of limitations began to run. The rule in such case is that it begins not at the time the promise is made but at the time of the breach. Where no time for performance is fixed a reasonable time is implied and in determining this the jury may consider the age and situation of the parties and the pecuniary ability of the man to support a family: Wagenseller v. Simmers, 97 Pa. 465. It is immaterial what length of time may have elapsed between the date of the promise and the date of the breach, if neither party makes an attempt to cancel the engagement or pursues a course of conduct which might be construed as having that effect and both treat the engagement as continuing by openly recognizing its existence. In the present case there is evidence that defendant, on various occasions, when the time for marriage was under discussion, stated he desired to adjust and straighten out his business and personal affairs before he could marry. In the meantime the conduct of the parties showed an intent on the part of both to carry out the contract at a future time and not until May, 1920, did the attitude of defendant change or did he indicate a desire and intention to break his promise. Under

these circumstances the breach did not occur until 1920 and the statute did not begin to run until that date.

The judgment is reversed and a new trial ordered.