## Carr *v.* Fagan et al., Receivers, Appellants.

*Negligence—Street railways—Hole in bridge—Degree of care—Charge—Rule as to passengers wrongfully applied.*

1. In an action against a street railway company for injuries sustained by a fall through a hole alleged to have been negligently left uncovered in a bridge during repairs by defendant, if it appears doubtful whether plaintiff was a passenger or not, it is reversible error for the court in its charge to apply the rule that the highest practicable degree of care is due to a passenger where there is a defect in the railway appliances.

2. The court should have given proper instructions so as to guide the jury in determining whether or not plaintiff was a passenger, and further to instruct them that if they found he was not a passenger, defendant owed to him only ordinary care according to the circumstances.

3. In such case it is error for the court to charge the jury as to the duty of defendant to put up barricades, if it appears that there was no evidence in the case as to barricades, and that factor was imported into the case by the court itself in its charge.

Argued October 12, 1923. Appeal, No. 96, Oct. T., 1923, by defendants, from judgment of C. P. Allegheny Co., July T., 1921, No. 1258, on verdict for plaintiff, in case of Ida B. Carr v. Charles A. Fagan et al., receivers of Pittsburgh Railways Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SADLER and SCHAFFER, JJ. Reversed.

**588**        CARR v. FAGAN et al., Appellants.

Trespass for death of plaintiff's husband. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $9,000. Defendants appealed.

*Errors assigned* were, inter alia, (1, 3) instructions appearing in opinion of the Supreme Court, quoting record.

*Craig Smith,* with him *Wm. A. Challener,* for appellants.—The court erred as to the degree of care required of defendants.

*H. F. Stambaugh,* with him *S. R. McClure* and *Watson & Freeman,* for appellee, cited: Mack v. Rys., 247 Pa. 598; Englehaupt v. R. R., 209 Pa. 182; Brooks v. Ry., 218 Pa. 1; Leedom v. Ry., 52 Pa. Superior Ct. 598; Powell v. Ry., 220 Pa. 638; Sligo v. Transit Co., 224 Pa. 135; Penna. R. R. v. McTighe, 46 Pa. 316; Phila. & Reading R. R. v. Long, 75 Pa. 257.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1924:

Plaintiff's husband was killed as a result of falling through a hole in the space occupied by the tracks of defendant in a public highway bridge. She recovered a verdict in the court below and from the judgment entered thereon this appeal was taken by defendant.

The decedent was a passenger on a car traversing the bridge. Defendant had been engaged in repairing its tracks and the part of the bridge they covered, and in so doing had removed some of the planking forming the floor, leaving the hole through which decedent fell. The car on which he was riding had stopped, and, desiring to take another car that was approaching, deceased stepped from the platform to the bridge, walked a short distance along it, and in the darkness of the early morning did not see the hole and was precipitated

into it. The general ground of negligence alleged was that defendant had not properly safeguarded the opening.

Complaint is made that the court erroneously charged the jury as to the degree of care which defendant was required to exercise under the circumstances. He instructed them (first assignment of error) : "But in making its repairs, it was bound to protect the public against any possible danger or probable danger because of those repairs......They are held to a very high degree of care, the highest degree of care, you might almost say. They are, in the case of a passenger on board a car; and perhaps you might even call these passengers still, although I have very grave doubt about that. But even if they were passengers, they would be held to the highest degree of care in protecting them consistent with the proper operations of the road." As the trial judge stated and as our reading of the testimony discloses, the question whether plaintiff's husband was a passenger was in doubt; with this problem doubtful, and, without solving it, or giving the jury the guides to its solution, the court applied the rule of care due to a passenger where there is a defect in the railway's appliances, or where there is a collision, derailment of cars and the like. In such instances, the company must exercise the highest degree of practicable care and diligence: Shaughnessy v. Director General of Railroads, 274 Pa. 413; Doud v. Hines, 269 Pa. 182. The rule is not applicable, however, to the case in hand, if deceased was not a passenger, as was pointed out in Keator v. Scranton Traction Co., 191 Pa. 102, where the injured person was given a transfer ticket from one electric car to another, and while in the cartway, approaching the car she was required to take, was struck, when within a few feet of it, by a piece of the trolley pole which broke while the conductor was turning it from one end of the car to the other; there we held the injured woman was a passenger, but pointed out that if she had not been,

the rule applicable was that of ordinary care. In the case in hand, as we read the testimony, it is not altogether clear whether decedent had obtained a transfer as he alighted from the car. This might have a most important bearing on his status. Under the circumstances disclosed on the record, whether a passenger or not, if he was injured because of the lack of ordinary care by defendant in safeguarding the hole in the bridge, then the question of its negligence was for the jury, but not to be tested by the rule which the court applied. The situation parallels that in Geiger v. Pittsburgh Rys. Co., 234 Pa. 545, where likewise the question was whether the decedent was a passenger. Speaking of the court's charge as to that feature of the case, we said: "This instruction to the jury gave no intimation whatever as to what was necessary, under the circumstances, to constitute Geiger an actual or intending passenger." In the present case the error is even more manifest, as the court did not indicate in any way what tests the jury should use to solve the doubtful problem, and gave them a rule to apply, which did not fit the case if deceased should be found not to be a passenger. The first assignment of error must, therefore, be sustained.

The third assignment must also be held good. The court charged: "Perhaps it was possible to put up a barricade there, in addition to the lights. And then again it might be that the railways company would simply have to stop operations altogether if it were to put up a barricade there in that dummy; and if that would be the result, they were not obliged to put up a barricade. ......If a barricade could have been made there and not interrupted the operation of the road, why, possibly that might be considered by you, whether the neglect to do so was the neglect to do something that the railways company should have done. But we have no evidence on that subject at all, and we have got to assume, if we take into consideration the matter of barricades, that they would not interfere with the operation of the

road, and we have no such evidence in this case." As the court stated, there was no evidence submitted on the subject of barricades, and this factor was imported into the case by the court in its charge. This is manifest error, as was pointed out in Barton v. Saylor, 278 Pa. 149; Paul v. Kunz, 195 Pa. 207; Fullman v. Rose, 181 Pa. 138; Kelly v. Eby, 141 Pa. 176.

The first and third assignments of error are sustained and the judgment is reversed with a new venire.