## Patrick Joseph O'Connell and Mary Josephine O'Connell *v.* Quaker City Cab Company, Appellant.

*Negligence—Taxicabs—Injuries to passengers—Defect in city streets—Case for jury.*

In an action to recover damages for personal injuries, it appeared that while the plaintiff and his wife were riding in a taxicab of a motor company, the chauffer drove into a hole in the pavement, throwing the plaintiff's wife from her seat and injuring her. It also appeared that the other part of the street pavement was in good condition.

*Held,* that the case was for the jury and a verdict in favor of the plaintiff will be sustained.

If the driver of the cab saw or, if reasonably alert, ought to have seen the hole, and apprehended that danger to the passengers was likely to result from driving into it, considering the speed at which he was moving, and could have avoided the hole, then the court would not have been warranted in holding, as matter of law, that his conduct did not involve negligence.

Argued October 30, 1924. Appeal, No. 169-170, Oct. T., 1924, by defendant, from judgment of C. P. No. 2, Phila. Co., Sept. T., 1923, No. 3027, on verdict for plaintiffs in the case of Patrick Joseph O'Connell and Mary Josephine O'Connell v. Quaker City Cab Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before STERN, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Patrick Joseph O'Connell, for $500 and for plaintiff, Mary Josephine O'Connell for $2,500, and judgment thereon.    Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*Wm. W. Smethers,* and with him *John V. Horan,* for appellant.

*Samuel Melnick,* for appellee.

OPINION BY PORTER, J., February 27, 1925:

The plaintiffs, who are husband and wife, brought this action to recover for personal injuries sustained by the wife, while a passenger in a taxicab of the defendant company, alleging that such injuries resulted from the negligence of the driver of the cab.    They recovered judgments in the court below and the defendant appeals. The only assignment of error refers to the refusal of the court below to enter judgment in favor of the defendant non obstante veredicto.

The testimony would have warranted a finding of the following facts:  The cab in which the plaintiffs were passengers was being driven, on the evening of February 25, 1923, at a speed of between twenty and twenty-five miles an hour, north on 18th St., Philadelphia; and at a point about ten feet north of Pennsylvania Ave., was driven into a hole in the pavement, said hole being about four feet long, ten inches wide and eight inches deep, the result of which was that Mrs. O'Connell was jolted upward from her seat, her head striking violently against the roof of the cab, and then fell back upon the seat, seriously injured.   There was an electric arc light upon the street, about eighty-five feet distant from the hole in the pavement, the lamps upon the front of the cab were lighted, and the chauffeur, who was called as a witness by the defendant, testified that there was "No trouble

seeing objects." The hole was upon the west side of the street, the left side when going north, and the remaining portion of the width of the street was in good condition. The defendant was a common carrier of passengers, the lady was being carried for hire and the former owed to its passengers the duty of the highest degree of care: Cody v. Venzie, 263 Pa. 541; Carr v. Fagan, 278 Pa. 589. The accident did not happen because of any defect in the appliances of transportation and the learned judge of the court below held that the burden was upon the plaintiffs to show that the cab had been negligently operated. If the driver of the cab saw or, if reasonably alert, ought to have seen the hole, and apprehended that danger to the passengers was likely to result from driving into it, considering the speed at which he was moving, and could have avoided the hole, then the court would not have been warranted in holding, as matter of law, that his conduct did not involve negligence. The court submitted the question of his negligence to the jury, in a charge of which the defendant does not complain. The question of the negligence of the chauffeur was for the jury and the court did not err in refusing to enter judgment in favor of the defendant notwithstanding the verdict.

The judgment is affirmed.