## Albert Reese *v.* M. B. Hershey, trading as Lancaster Caramel Co., Appellant.

*Negligence — Master and servant — Machinery in general use — Special instructions—Evidence.*

In an action by a servant against a master to recover damages for personal injuries, the test of liability is not danger, but negligence, and negligence can never be imputed from the employment of the methods or machinery in general use in the business.

In a case where a boy seventeen years old was injured while working at a candy-rolling machine, it appeared that his employer, the defendant, had removed temporarily from the machine a safety-guard of his own invention, with which plaintiff had been accustomed to work the machine. *Held*, that defendant should have been permitted to show that the same kind of machines were used without guards in another factory where the boy had previously worked, and that defendant's safety-guard was not in general use in the trade.

In such a case defendant was entitled to have explicit directions to the jury that the use of the machine without a guard being the ordinary habit of the trade, was not negligence prima facie, and would only become so if the boy's inexperience was such that he ought to have had special instructions when the change was made, and such instructions were not given.

*Negligence—Measure of damages—Earnings of minor.*

In an action by a father to recover damages for personal injuries to his minor son, where there is evidence that the boy received a certain amount per week at the time of the accident, but no evidence whatever as to what

he would be likely to receive in the future, it is error for the court to suggest to the jury that the boy might get "more by way of promotion."

*Charge of court—Reading plaintiff's statement to jury—Practice, C. P.*

It is bad practice for the trial judge in his charge to read plaintiff's statement to the jury, as it tends to get figures and amounts into the jury's mind without evidence.

Argued May 15, 1894. Appeal, No. 79, Jan. T., 1894, by defendant, from judgment of C. P. Lancaster Co., Oct. T., 1890, No. 40, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Reversed.

Trespass by father to recover damages for personal injuries to his minor son. Before BRUBAKER, J.

At the trial it appeared that, on July 29, 1890, plaintiff's minor son, Elam Reese, seventeen years old, was injured while working at a candy-rolling machine in defendant's factory. It appeared that the machine at which he worked was fitted with a safety-guard of defendant's invention. This guard was not in use in other factories. Plaintiff's son went to work about five o'clock in the morning, and continued working the machine until seven o'clock. Defendant then stopped the machine, took off the guard, and directed the boy to go on with the work. He did so, and worked about four hours before the accident occurred.

When William L. Blair, a witness for defendant, was on the stand, he was asked the following questions:

"Q. What kind of rolls, if you know, are used in the caramel factories throughout the country." Objected to, objection sustained and bill sealed. [10]

"Q. Do you know whether the McGintey rolls are in common use in the caramel factories throughout the country?" Objected to, objection sustained and bill sealed. [11]

"Q. Are the McGintey rolls, the same as these without the guard, in common use in caramel factories throughout the country?" Objected to, objection sustained and bill sealed. [12]

"Q. What kind of rolls are in ordinary and common use in caramel factories?" Objected to, objection sustained and bill sealed. [13]

By Mr. North: I offer to show by the witness that he has

been in all, or nearly all the caramel factories in the United States, and is familiar and acquainted with the kind of rolls used in nearly all the factories. Objected to, objection sustained and bill sealed. [14]

By Mr. North : I offer to show by the witness that the Mc-Gintey rolls in use in Huber & Holman's factory at the time Elam Reese worked there were without guards, and that they were the same kind of rolls as this one [meaning the one in court]. Objected to, objection sustained and bill sealed. [15]

By Mr. North : I offer to show that the McGintey rolls, such as were used in the factory of the defendant, are the kind that was used in all the caramel factories in the United States, and that they are used in them without any guards. Objected to, objection sustained and bill sealed. [16]

The court below charged in part as follows :

" Now what is the measure of damages in this case? You will perceive, as it was stated by the counsel on either side, that this suit is not brought to recover damages for the injury to or loss by the boy, but for the loss of services, to which the father would be entitled during his minority. The father is bound to support his child, as every father is, until he arrives at the age of twenty-one ; he has a right to educate him within his means ; he has a right to put him out to service as in this case, and for such services the father is entitled to his wages till he arrives at the age of twenty-one. As I have said before, it seems that this boy was employed by the defendant, and that these wages were to be paid to the father, and that the wages were $2.50 per week. [Unfortunately we have no testimony here to guide you as to the measure of damages, except this testimony as to his wages of $2.50 per week. It would, perhaps, have been better if the parties would have given us some evidence to show what he might get by way of promotion.] [7] We know nothing about the capacity of this boy except what we have heard here, and in the absence of such testimony you are allowed to use your judgment as to what he might have earned, taking the present situation into account, what he might have earned from the time this suit was brought until he arrived at the age of twenty-one ; but in so doing you should not be extravagant. You should not allow your feelings to run away with your judgment. You should look at it as every careful business man would look at it."

Verdict and judgment for plaintiff for $1,000.

*Errors assigned* were, among others, (7) instructions as in brackets; (10–16) rulings; quoting bills of exceptions and instructions.

*H. M. North, E. D. North* with him, for appellant.—The court should have admitted the evidence.

Plaintiff's son had sufficient discretion to understand the dangers of his employment, and when he engaged to work at the machine, he assumed the risks of his employment: Nagle v. R. R., 88 Pa. 35; Patterson's Ry. Accident Law, § 73; Reese v. Clark, 146 Pa. 465; R. R. v. Lyons, 119 Pa. 324; Titus v. R. R., 136 Pa. 618; Iron Ship Building Works v. Nuttall, 119 Pa. 149; Kehler v. Schwenk, 144 Pa. 348; Ford v. Anderson, 139 Pa. 261; Augerstein v. Jones, 139 Pa. 183; Ash v. Verlenden, 154 Pa. 246; Payne v. Reese, 100 Pa. 301; Wanamaker v. Burke, 17 W. N. 225; Tagg v. McGeorge, 155 Pa. 368; O'Keefe v. Thorn, 24 W. N. 379; Patterson v. R. R., 76 Pa. 393; Dodger v. Wanamaker, 38 Leg. Int. 458; R. R. v. Coon, 111 Pa. 430; Zurn v. Tetlow, 134 Pa. 215; Coal Co. v. Hayes, 128 Pa. 307; Diehl v. Iron Co., 140 Pa. 487; McMellen v. Union News Co., 144 Pa. 332; Westerberg v. R. R. Co., 142 Pa. 471; Schwenk v. Kehler, 122 Pa. 67; Kehler v. Schwenk, 151 Pa. 505; Lebbering v. Struthers, 157 Pa. 312; Madara v. I. & S. Co., 160 Pa. 110; Rummell v. Dilworth, 111 Pa. 343; Rummel v. Dilworth, 131 Pa. 510; Hoffman v. Clough, 23 W. N. C. 399; Mfg. Co. v. McCormick, 118 Pa. 519; Sykes v. Packer, 99 Pa. 465; Ry. v. Bresmer, 97 Pa. 106; Beittenmiller v. Brewing Co., 22 W. N. 33; Johnson v. Wilcox, 135 Pa. 217.

The court was in error in instructing the jury as to the measure of damages: R. R. v. Kelly, 31 Pa. 372; R. R. v. Zebe, 33 Pa. 318; R. R. v. Allen, 53 Pa. 276; R. R. v. Books, 57 Pa. 339; R. R. v. Adams, 89 Pa. 31; R. R. v. Ogier, 35 Pa. 60; Collins v. Leafey, 124 Pa. 203; R. R. v. Frantz, 127 Pa. 297; R. R. v. McCloskey, 156 Pa. 254.

*B. Frank Eshleman* and *George Nauman*, for appellee.—When young persons without experience are employed to work with

dangerous machines, it is the duty of the employer to give suitable instructions as to the manner of using them and warning as to the hazard of carelessness in their use ; if the employer neglects this duty, or if he give improper instructions, he is responsible for the injury resulting from his neglect of duty : Tagg v. McGeorge, 155 Pa. 375; Kehler v. Schwenk, 151 Pa. 505 ; Ash v. Verlenden, 154 Pa. 246 ; Patterson v. R. R., 76 Pa. 389 ; Brownfield v. Hughes, 128 Pa. 199.

As to the question of the measure of damages it may be said that no point or prayer for instructions was submitted to the court and that the question was fairly and impartially left by the court to the jury with adequate and intelligible instructions.

OPINION BY MR. JUSTICE MITCHELL, July 12, 1894 :

The evidence of the general use of the machines throughout the trade, without guards, (assignment 10 to 16 inclusive) should have been admitted. In all actions for negligence it is important that the jury should be informed explicitly just what the negligence consists in. The average untrained mind is apt to take the fact of injury as sufficient evidence of negligence. Moreover the use of a dangerous machine is very commonly considered ground for holding the employer responsible, whereas the test of liability is not danger but negligence, and negligence can never be imputed from the employment of methods or machinery in general use in the business : Titus v. R. R. Co., 136 Pa. 618 ; Kehler v. Schwenk, 144 Pa. 348. It is true that the general custom would not be conclusive of this case, under its peculiar circumstances to be noticed next, but it was the starting point in the defence, and the defendant was entitled to show it affirmatively so as to impress it on the jury's mind. Moreover the evidence offered in the fifteenth assignment of error, to show that the same kind of machines were used without guards in another factory where plaintiff's son had previously worked, bore directly on the only point in the case on which the defendant's negligence could be rested. This was that if plaintiff's son had only been accustomed to the machine with the guard, and might be liable from force of habit, or ignorance of the increased danger when the guard was removed, to push his fingers too close to the rolls and thereby get them caught, he would have been entitled to spe-

cial instruction as to this danger. As to what conversation or orders took place between the boy and his employer on this point, the evidence was conflicting. The case therefore could not have been taken from the jury, but the defendant was entitled to have explicit directions that the use of the machine without a guard being the ordinary habit of the trade was not negligence prima facie, and would only become so if the boy's inexperience was such that he ought to have had special instructions when the change was made. The learned judge not only failed to give the defendant the benefit of the general rule in his charge, but excluded the evidence which would have put the facts before the jury.

There was error also in the charge as to damages. The boy was earning two dollars and a half a week. If it was claimed that he was likely to earn more in the near future the plaintiff should have proved the fact as part of his case, but the learned judge without any evidence on the subject threw in a suggestion that the boy might get more "by way of promotion." The verdict was in favor of the father for more than double the boy's gross wages until he should reach twenty-one. We cannot say that this suggestion as to promotion may not have contributed to this result.

The learned judge appears in the opening of his charge to have read the plaintiff's statement to the jury, including the averment of damages. This is exceedingly bad practice. It tends to get figures and amounts into the jury's mind without evidence. Here again the verdict is suggestive, for it is for one thousand dollars, the exact amount of the technical ad damnum clause in the statement.

Judgment reversed and venire de novo awarded.