# Hollinger *v.* York Railways Company, Appellant.

225  419
£227  ¹637

*Negligence—Damages—Stating to jury the amount claimed.*

1. In an action to recover damages for personal injuries it is reversible error for the court to state to the jury the amount which the plaintiff claims in his pleadings.

*Practice, C. P.—Verdict—Excessive verdict—Act of May 20, 1891, P. L. 101.*

2. The primary duty of correcting an excessive verdict rests with the trial court. The appellate court will not ordinarily exercise the authority conferred upon it by the Act of May 20, 1891, P. L. 101, to reverse a judgment on the ground that the verdict was unreasonably excessive. The trial court has the authority and is in possession of the facts which will warrant it in correcting such a verdict. While it should not interfere with the functions of the jury and undertake to determine facts which is exclusively the province of the jury, yet when it is apparent that the jury has returned a verdict excessive in amount and clearly beyond what the evidence warrants, the court should set aside or reduce the verdict. This is a duty as imperative as any other which rests upon a trial court, and there should be no hesitancy in performing it.

*Negligence—Damages—Release of damages—Minor—Evidence—Credibility of witness.*

3. A release of damages for personal injuries for a small consideration signed by a minor shortly after the injuries were sustained is invalid as an act of a minor, and is not admissible in evidence to affect the credibility of the minor as a witness in her own case.

Argued May 18, 1909. Appeal, No. 115, Jan. T., 1909, by defendant, from judgment of C. P. York Co., April T., 1908, No. 21, on verdict for plaintiffs in case of Nora M. Hollinger, by her guardian and next friend, Frederick F. Snyder, and Frederick F. Snyder in his right as guardian of Nora M. Hollinger v. York Railways Company. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries sustained by the plaintiff, a girl aged eighteen years and six months. Before BITTENGER, P. J.

At the trial defendant made the following offer:

Ex-Judge Stewart: If the court please, I desire now to make an offer of the paper which I offered yesterday some time, and the court ruled out. I did not object to making it in open court, and in the hearing of the jury. But after what has taken place, and on the other side, I would object to its being made in open court, and in the presence of the jury. Consequently I want to dictate the offer in the hearing only of your honor and counsel on the other side, so that objection may be made, and the offer ruled upon.

The Court: So as not to have it given in the hearing of the jury. The court stenographer can come up here, too.

Mr. Glessner: We do not object. It can be made in open court.

Ex-Judge Stewart: Then we will offer it in the regular way.

The defendant proposes to show by the witness on the stand, now under cross-examination, as under the act of assembly, a release signed by her, or signed "Nora M. Hollinger," agreeing to accept from the defendant company,— of the York and Dallastown Electric Railway Company,— the sum of $100 in settlement and payment of the damages incurred by her in this accident; and to ask her whether or not she signed this release and delivered it to John A. Hoober, Esq., one of the attorneys of the company; and whether or not before signing it she did not say to Mr. Hoober that she had consulted with her friends, and been advised that she ought to have $100 in payment of these damages. For the purpose of affecting the credibility of the witness as to the amount of damages now claimed by her in this suit; and as showing an admission of a fact, to wit, the amount of damages claimed and acceded to by the defendant.

The Court: Make your objection.

Mr. Glessner: No objections to this, if they show all the facts and circumstances under which the release was gotten from this girl at the time she was in pain and suffering at the hospital.

The Court: Will that be allowed?

Ex-Judge Stewart: I do not know anything about except

what I am offering to show. They can cross-examine her, and find out everything else that I do not get.

Mr. Glessner: There is one objection, that, she being a minor, the sum cannot affect in any wise her rights to recover in this case,—being a minor, and not able to contract.

The Court: It does not seem to me that any admission she made at all has any bearing upon this. Of course if you do not object, we will admit it.

Mr. Glessner: Well, we will object, your honor, for that reason.

The Court: This was offered yesterday, and objected to as not cross-examination, and it was clearly not evidence then. It seems clear that this girl was under twenty-one years, and is still, and that she was not consulted with, or advised, by her guardian; and it appears that it was not done in the presence of her guardian, or anybody that has control over her. She was a minor, and not bound by any action at that time. It seems to me she was a minor, and incapable of telling what her damages were at that time; and it does not follow that she is not suffering more injury, which has been made apparent since, and that she knew not of at that time. We do not think it is evidence in this case, the guardian bringing this suit, and in her right. With these facts in mind, any attempt to obtain a release from her is not binding upon her, and cannot affect the verdict in this case. We do not see that it is evidence at all. Do you object to it generally, or do you object with the qualification to it?

Mr. Glessner: After consideration, I object to it generally as not evidence in this case.

Ex-Judge Stewart: The court's attention is called to the purpose. It is not intended as an estoppel, or a release, or to prevent a recovery. It is offered as affecting her credibility as a witness in the case in reference to a fact in the case, to wit, the amount of damages. Even if she be a minor, a minor can admit a fact just the same as a person of mature years can do it; and by this paper she admitted that at that time she was injured to the extent of $100. Now, for whatever it goes for, or whatever it is worth to the jury, it does not

prevent her recovery here; but it does go to the jury, if admitted, as to the extent of her injuries.

The Court: A girl who is a minor, at that stage of life is perhaps not capable of estimating her damages,—damages advised by friends; or it may in fact be represented to her by counsel,—such as may induce her to take $100. To a girl of that kind it may seem to be a large sum of money. And it does not seem to me that, because her counsel advises a suit for a larger sum of money here, and she being asked the question whether she did not demand a smaller sum of money, and she admitted it, that this ought to be brought up, under that state of facts in the testimony, to raise the inference that her testimony is not reliable, because she is not still willing to take the $100 that she agreed to take under the circumstances when she signed that paper. We do not think it is evidence, or fair, and we reject the offer.

Ex-Judge Stewart: She was eighteen years and a half old, if the court please. She was not an infant, though she was in law.

The Court: How would she know?

Ex-Judge Stewart: She was still old enough to tell the truth at that time.

The Court: We reject the offer, and seal an exception for the defendant. [1]

The court charged in part as follows:

[The plaintiffs' claim for damages suffered by them respectively, $20,000 and $1,000, as they claim, for certain injuries suffered by Nora M. Hollinger as a passenger on one of the York and Dallastown cars of the York Railways Company, from the collision of two cars on said railway on August 18, 1907, near Dallastown, through the negligence of the railway company.

\*    \*    \*    \*    \*    \*    \*    \*

The evidence is that before the collision Nora M. Hollinger was healthy, and was hired on a farm at $6.00 per month; and the month immediately preceding the injuries, was engaged at cigar making earning $5.00 per week; and these will

be the basis of your calculation of the guardian's loss of Miss Hollinger's services, or wages, together with a careful consideration of her disability from her said injuries to work from August 18, 1907, to this time, and her probable ability or disability to work and earn wages until arriving at the age of twenty-one years, not exceeding, as I said before, the sum of $1,000, together with the doctor's bill of $25.50, which sum is the amount claimed in the plaintiff's statement. The verdict cannot be above the amount claimed in the statement. The amount claimed by the guardian for Nora M. Hollinger is $20,000.]

Verdict and judgment for Nora M. Hollinger for $3,500 and for Frederick F. Snyder, guardian, for $500. Defendant appealed.

*Errors assigned* were (1) ruling on evidence; (2) portion of charge as above, quoting it; (4) in not setting aside the verdict as excessive.

*W. F. Bay Stewart*, with him *John A. Hoober* and *George S. Schmidt*, for appellant.—It was manifest error to exclude the question propounded to the witness in the defendant's offer. She was a plaintiff and virtually the plaintiff in the case. She was the only witness who could testify to her pain and suffering, and virtually the only one who could testify with certainty as to the extent and permanency of her injuries. Being the plaintiff and a competent witness, the defendant was entitled to search her.

The evidence was rejected upon the ground that being a minor she was not bound by her agreement, but as the evidence was offered to affect her credibility as a witness, it was competent: Kramer v. Kister, 187 Pa. 227; Cameron v. Montgomery, 13 S. & R. 127; Ott v. Houghton, 30 Pa. 451; Batdorff v. Farmers' National Bank, 61 Pa. 179; Beck v. Hood, 185 Pa. 32.

The statement of the amount in the pleadings cannot help the plaintiff's case. The instructions to the jury have no connection with the pleadings except through the evidence. The jury have nothing to do with the pleadings.

The judge's only source of knowledge on the subject was the pleadings, but if they are not evidence, his statement of a fact from them is equally not evidence: Switland v. Holgate, 8 Watts, 385; Musselman v. R. R. Co., 2 W. N. C. 105; Greber v. Kleckner; 2 Pa. 289; Phila., etc., R. R. Co. v. Alvord, 128 Pa. 42; Branson v. Kitchenman, 148 Pa. 541; Hassan v. Klee, 168 Pa. 510.

*James G. Glessner* and *K. W. Altland,* for appellees.—It is the duty of the court to limit the amount of damages to the amount asked for in the pleadings: Ft. Worth, etc., Ry. Co. v. Measles, 81 Tex. 474 (17 S. W. Repr. 124); Garber v. Columbia Telephone Co., 20 Lanc. L. R. 378; Milliken v. Long, 188 Pa. 411.

OPINION BY MR. JUSTICE MESTREZAT, June 22, 1909:

This is an action of trespass to recover damages for injuries which the minor plaintiff sustained while she was a passenger on defendant company's car. The negligence of the defendant was admitted and it was conceded that both plaintiffs were entitled to recover such damages as they had sustained by reason of the injury to the minor plaintiff. The only question, therefore, for the jury was the amount of damages which the plaintiffs were entitled to recover. Such being the status of the case we think it was reversible error for the learned judge to charge as follows: "The plaintiffs' claim for damages suffered by them respectively, $20,000 and $1,000, as they claim, for certain injuries suffered by Nora M. Hollinger as a passenger on one of the York and Dallastown cars of the York Railways Company, from the collision of two cars on said railway on August 18, 1907, near Dallastown through the negligence of the railway company." The jury returned a verdict for $3,500 in favor of Nora M. Hollinger and for $500 in favor of Frederick F. Snyder, her guardian and the other plaintiff.

In Reese v. Hershey, 163 Pa. 253, we condemned the reading of the statement, including the averment of damages, to the jury. It was there said to be exceedingly bad practice,

and that "it tends to get figures and amounts into the jury's mind without evidence." We think this is unquestionably true. It is a suggestion to the jury which in their minds takes the place of testimony. The averment of damages in a statement is, of course, no proof of the amount due the plaintiff; but when it is read to the jury by the court it is likely to have weight with them and take the place of evidence. In negligence cases, as is well known, the amount of damages laid in the statement is ordinarily much in excess of the sum which the plaintiff expects to recover, and is certainly not a standard for estimating the damages due him. Placing the figures named in the statement before the jury in the court's charge gives a basis, not established by evidence, on which to calculate the verdict. Admonitions by the court that such is not the purpose in stating the amount claimed will not be sufficient to eliminate it entirely from the minds of the jurors. It will remain with them and, consciously or unconsciously, it will influence them in arriving at a conclusion. At all events, as must be conceded, it is entirely improper for the jury to consider the amount of damages claimed in the statement, and this being true, the court should not bring it to the attention of the jury.

In his opinion overruling the motion for a new trial, the learned judge says he stated the amount claimed as damages for the purpose of charging that the verdict could not exceed the amount laid in the statement. But this was quite unnecessary. Had the jury found a verdict in excess of the claim laid in the statement there was a complete remedy, and it would not have involved the error of getting the plaintiffs' claim before the jury. In this case, however, it was manifest that the jury could not under the evidence return a verdict for a sum approximating the amount of damages laid in the statement. The aggregate of both verdicts was only one-fifth of the plaintiffs' claim, and it is strenuously argued by the appellant that this sum is far in excess of what the evidence justified. It is clear, therefore, that in this instance there was no cause to apprehend a verdict in excess of the amount of the plaintiffs' claim as laid in the statement.

We are asked in this case to reverse the judgment on the ground that the verdict was unreasonably excessive, far beyond what the evidence warranted the jury in finding. This we have the authority to do under the Act of May 20, 1891, P. L. 101, but we have seldom exercised the authority conferred by the act. It is the duty of the trial court to control the amount of the verdict. It hears the evidence, sees the witnesses as well as the parties, it is placed in possession of all the facts which will enable it to do justice between the parties. In our judicial system, the primary duty of correcting an excessive verdict unquestionably rests with the trial court. It has the authority and is in possession of the facts which will warrant it in correcting an error of this kind. While it should not interfere with the functions of the jury and undertake to determine facts which is exclusively the province of the jury, yet when it is apparent that the jury has returned a verdict excessive in amount and clearly beyond what the evidence warrants, the court should set aside or reduce the verdict. This is a duty as imperative as any other which rests upon a trial court, and there should be no hesitancy in performing it.

Nora M. Hollinger was a minor at the time she signed the alleged release, and the learned trial judge properly rejected it when offered in evidence. Whether or not she signed it was wholly immaterial, as it was not binding upon her. If by the advice of friends she had agreed when first injured to accept a comparatively nominal sum in payment of her damages, it did not debar her from recovering such damages as she could show the jury at the trial she had actually sustained. We cannot see that if she had admitted that through the persuasion or advice of friends she had agreed to accept $100 in payment of her damages, it would affect her credibility as a witness in this case. Immediately after the accident she might have thought herself but slightly injured, but subsequently and prior to the trial her injuries resulting from the negligent act of the defendant might have become very serious. We are inclined to think with the learned trial judge that the attempt to use the release obtained under such circumstances,

produced upon the jury an impression unfavorable to the defendant.

The other assignments need not be considered; but for the reasons stated the second assignment must be sustained.

Judgment is reversed with a venire facias de novo.