Beatty, for use, *v*. Netherlands Insurance Company of the Hague, Appellant.

Argued October 4, 1935.

Be-

fore KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harold E. McCamey,* of *Dickie, Robinson & Mc-Camey,* for appellant.

*William F. Beatty,* for appellee.

OPINION BY BALDRIGE, J., November 20, 1935:

A policy of insurance covering a Chrysler sedan automobile was issued by defendant to plaintiff. It provided, inter alia, for payment of damages resulting from "fire arising from any cause whatsoever."

On July 7, 1934, the plaintiff, while driving the insured car at the rate of 30 to 40 miles an hour on the public highway, smelled an odor which he thought was due to a burning brake band. He reduced his speed, opened the left front window, and looked out to ascertain if his suspicions were well founded. At that moment the right front wheel left the highway, and, in endeavoring to get back on the concrete, his car skidded to the left over the 16-foot highway, which was wet, ran across 10 feet at the side of the road, and then went down an embankment made of shale and stone. The plaintiff, in answer to the question whether the car from the time it left the road until it came to rest at the foot of the embankment struck or collided with anything, said:

"I didn't collide with anything except, as you go over the highway, the car was almost straight, perpendicular to the highway, there was a tree about 30 feet from the highway which missed my bumper but did hit the left front mudguard and bent it, just made a dent in the mudguard; that was the only dinge that was on the car the next day."

After colliding with the tree, the car turned over on its top and was completely burned. The plaintiff stated that as the car left the highway, "it just went up in smoke, all I saw was a ball of fire ...... The car was in flames." A witness, who lived in the neighborhood, said that she saw the car just prior to its leaving the road, and noticed flames coming from the rear part.

The defendant insurance company admitted in its affidavit of defense that the car was "a total, or practically a total loss," but averred that the damage was occasioned by the collision and not the fire.

The trial resulted in a verdict for plaintiff in the sum of $900. A rule for a new trial was granted, which the court ordered to be made absolute unless the plaintiff would accept $750 in satisfaction of the verdict. The plaintiff filed a stipulation agreeing to those terms, and judgment was accordingly entered. This appeal followed.

The appellant complains of the court's sustaining an objection when appellant offered to prove, by a witness who examined the automobile, August 3, 1934, 27 days after the accident, the damages to it at that time, and the proportion thereof attributable to the collision. The court sustained the objection as to the competency of the witness until evidence was offered tending to prove that the car was destroyed by collision before the fire occurred. The appellant failed to offer any such proof. The only evidence, therefore, of a collision at that point in the trial, or thereafter, was the statement of the plaintiff that his car struck a tree after it was

afire. Between the time of the accident and the date defendant's witness saw the remains of the car it was on the side of the road. The boys in a neighboring CCC camp took off and carried away its rear end, together with an axle, the radiator, and some parts of the engine, and in the meantime it was placed in an upright position. In view of the uncontradicted evidence of these substantial changes in the car, the judge very properly sustained the objection to the competency of the witness.

The plaintiff alleged in his statement of claim that the entire loss was the result of a fire, not a collision, and the convincing and unattacked testimony is that the fire was the sole cause of the damage—other than a small dent in the mudguard, which was inconsequential. The court correctly restricted the damages accordingly. We do not question for a moment the well-established rule invoked by the appellant that insurance companies in cases of this character are not liable for inconsequential and remote losses: Hillier v. Allegheny County Mut. Ins. Co., 3 Pa. 470; The Phoenix Fire Ins. Co. v. Cochran et al., 51 Pa. 143; Joyce on Insurance, vol. 5, §2832; nor is there a doubt that where there is sufficient evidence the question of proximate cause should be submitted to and determined by the jury: Jones v. Com. Cas. Co., 255 Pa. 566, 100 A. 450. But these legal principles are inapplicable. Here there is no evidence other than that the fire preceded the collision by a perceptible length of time. It is apparent, therefore, that the fire was the producing and effective cause of the damages sustained.

The appellant calls our attention to the case of Tracy v. Palmetto Fire Ins. Co. (Iowa), 222 N. W. 447, which was an action on a fire insurance policy for $600 damages, where the evidence showed that only $132 damages were caused by the fire, the rest being due to a collision. It is quite obvious that the facts in that

case, also those in the American Indem. Co. v. Haley, 25 S. W. 911 (2d Ed.), are so different that they furnish no aid in this case.

The appellant also argues that the verdict was excessive and that the court was without authority to grant a new trial unless the plaintiff accepted $750. Where a court believes a verdict to be excessive, it has the unquestioned right to reduce it to a proper amount: Hollinger v. York Rwys. Co., 225 Pa. 419, 74 A. 344; Gail v. Phila., 273 Pa. 275, 117 A. 69.

Judgment is affirmed.