## Craig *v.* Ryan, Appellant.

Argued April 17, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Robert F. Hawk,* with him *Painter & Painter,* for appellant.

*William C. Robinson,* with him *Henninger & Robinson,* for appellees.

*Lee C. McCandless,* with him *McCandless & McCandless,* for appellee.

OPINION BY MONTGOMERY, J., June 12, 1963:

This appeal is from a judgment in plaintiff's favor against appellant-tenant, Ryan, alone, in an action of trespass. The jury was directed by the court to find for the other defendants, McBride and Altmire, the property owners; and judgment has since been entered in their favor, from which no appeal has been taken. They deny further interest in the matter but, nevertheless, at the request of the trial judge, appeared at the

argument before the lower court on this appellant's post trial motions for judgment n.o.v. and a new trial,[1] and now appear before us as appellees. In view of the broad powers vesting in the appellate courts in the grant of new trials, as stated in *Ferruzza v. Pittsburgh,* 394 Pa. 70, 145 A. 2d 706, we shall consider the entire matter, including their participation.

The issues before us are all related to the question of who was in possession and control of the area in which the wife-plaintiff fell. Particularly, the question is: Did the lower court err in directing a verdict for the landlords because there was *no* evidence to show that they were in possession and control, and in submitting that question to the jury as it concerned appellant-tenant.

None of the defendants offered any evidence as to the nature of the tenancy, and we are, therefore, limited to that offered by plaintiffs. The pleadings consist of the complaint and the answer of the landlords. Ryan, the tenant, filed no answer.

Plaintiff offered certain parts of the pleadings into evidence. Specifically, paragraph two of the complaint was offered as evidence to prove that McBride and Altmire were the owners of the property (which was in fact two properties) under two deeds dated June 12, 1945 and October 6, 1947, respectively, with "a frame dwelling, store building with apartment on the second floor and a garage with gasoline pumps in the front thereof", and that Ryan was the lessee.

However, plaintiffs subsequently offered paragraph three of their complaint for the purpose of showing that Ryan was the tenant in the "store building and garage". Since no mention was made of the other frame dwelling, this can lead to no other conclusion

---

[1] They appeared with the reservation that it was not to be considered a concession that they were then involved in the proceedings.

than that plaintiffs established by the admission of defendants that McBride and Altmire were the owners of this "multiple purpose property" and that *part* of it was rented to Ryan.

We recognize that the owners alleged in their answer that ". . . the entire premises were, prior to the date of the occurrence complained of, leased unto the defendant, Robert Ryan, and exclusive possession and control thereof was turned over and delivered unto said Robert Ryan by the defendants A. L. McBride and Lena Altmire." However, we find no proof in the record of this fact. That part of the answer does not form part of the evidence. Although plaintiffs refer to Ryan as lessee in paragraph two of their complaint after first describing the entire property, we think they limited his tenancy to the store building and garage by their subsequent offer of paragraph three.

Based on this record, the following description of this property would appear reasonable: It was acquired by two deeds, the first covering a lot fronting 80 feet on the Butler-Franklin State Highway and running back along an alley for 120 feet with the following improvements thereon, "a frame dwelling house and store building and garage"; the second deed covering a large unimproved lot contiguous to the rear of the first; the store building and the garage constituting one building faced toward the road, and was located 25 feet back from the side line of same having on the first floor at the southern end a general store operated by Ryan, a garage with a hoist (called the grease pit) at the northerly end and with an entranceway between the two leading to an apartment on the second floor; in the rear of all three but within the same building was a large area formerly used as a restaurant, but at the time of this accident used by Ryan for storage; neither the garage nor the apartment were being used, although Ryan had access to the apartment by another entrance

through his store; in front of the store were two gasoline pumps operated by Ryan; the entire front area, 25 deep by 80 feet wide from the building to the street, was covered with blacktop paving and used by pedestrians and motorists using the store and gasoline pumps; there was no sidewalk along the highway, but there was a paved walk along the north side of the building back leading to a door that led into the former restaurant.

Unless we were to conclude that the landlords retained control over the second floor and the garage from the fact that they were vacant and not used by Ryan, or that they retained the right to use the front area of the property to gain access to the separate frame building in the rear, which seems unreasonable in the light of the evidence produced by plaintiffs, there is nothing in the record which in any way indicates a reservation by the landlords of any right in the area of plaintiff's fall. Plaintiffs established by the undenied pleadings that Ryan rented the *store building and garage* and not merely the *storeroom* and garage; and there was access to the other building as well as to the large lot in the rear from the alley running along the side of the property. We are in agreement with the lower court that Ryan's lease included the entire building and the curtilage between it and the highway on which it fronted. If, in fact, the landlords had retained possession and control over the rear building and the other large lot, it would not give them any right or responsibility as to the area leased exclusively to Ryan. Entire properties may be divided for leasing purposes. *Remmel v. Gallagher,* 190 Pa. Superior Ct. 100, 152 A. 2d 796; *McAuvic v. Silas,* 190 Pa. Superior Ct. 24, 151 A. 2d 662.

Mrs. Craig fell on a circular metal sign which advertised Kendall Oil. It had become detached from the pedestal on which it had hung and was lying on the

ground covered with snow when her foot struck it. This caused her to fall and sustain her injury.

The law is clear that a landlord out of possession is generally not liable for bodily harm sustained on his property by his tenant and those on the premises under his tenant's right when he is entirely out of possession and control. *Hayden v. Second National Bank of Allentown,* 331 Pa. 29, 199 Atl. 218; *Keiper v. Marquart,* 192 Pa. Superior Ct. 88, 159 A. 2d 33; *Maglin v. Peoples City Bank,* 141 Pa. Superior Ct. 329, 14 A. 2d 827.

In the absence of any evidence that McBride and Altmire retained any possession or control over the area rented to Ryan, the directed verdict in their favor was proper. Plaintiffs have not appealed from such action and Ryan entered no objection at the time it was taken.

Appellant also complains about the insufficiency of the pleadings. However, he made no objection to them before or at the trial, and it is now too late to do so. He must now rely on his motion for judgment n.o.v. as based on the record.

Nor do we find any error in the admission of paragraphs two, three, and four of the pleadings. These paragraphs contained material allegations to which appellant filed no answer. They all related to identity, ownership, possession or control of the property and the instrumentality causing the accident, such as require a denial or otherwise taken as admitted. Pa. R. C. P. 1045(a). We are not impressed with the argument that the number and character of the buildings on the property or the spot where the accident occurred has not been sufficiently defined, and shall not again discuss this phase of the case other than to point out that the lease, as we have interpreted it from the evidence, included the area in front of the store and garage building, and the accident was clearly described as happening in front of the garage.

*Lopez v. Gukenback,* 391 Pa. 359, 137 A. 2d 771, cited by appellant, does not support his position. In that case the tenant in possession of an apartment sought to charge the landlord with responsibility for a window in the apartment, but failed to allege or prove that the landlord had retained possession and control over the windows. This is far different from the present case wherein the tenant, who admits to having rented the premises without any reservation of control by the landlord, complains that the lease did not give him full dominion over the leased premises. Had this appellant desired to charge his landlord with responsibility he should by pleadings and proof have established the landlords' continuing dominion over the premises. He failed to do this; but, on the contrary, relied on plaintiffs to do so. They failed in this endeavor and he did nothing about it. Therefore, he has no right now to complain.

Appellant does not otherwise question the sufficiency of the pleadings or proof to support plaintiffs' verdict or judgment. Therefore, in the light of our conclusion on the question of possession and control, their judgment against Ryan will be affirmed.

Judgment affirmed.