Dinio *v.* Goshorn et al., Appellants.

Argued March 19, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Daniel J. Snyder,* with him *Costello & Snyder,* for appellants.

*H. Reginald Belden,* with him *Daniel R. Edwards,* and *Stewart, Belden, Sensenich & Herrington,* for appellant.

*A. C. Scales,* with him *Thomas R. Ceraso,* and *Scales, Shaw, Lyons & Ceraso,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, December 12, 1969:

Albert J. Dinio, appellee, was employed by Margaret Check Sterbak and John G. Check, Jr., the oper-

ators of John G. Check Furniture Co. While in the course of his employment, on October 23, 1961, appellee suffered personal injuries when a section of sidewalk gave way under the leg of a ladder on which he was standing while engaged in cleaning the marquee of the Check store.

The ladder had been placed in such fashion that one of its legs was between two water plugs in the sidewalk. The concrete between these two water plugs broke and the broken cement dropped into a hole under the sidewalk.

Appellee brought suit against Gertrude M. Wright and Eva W. Harper, the owners of the property leased by Check for the conduct of its business, and the Authority of the Borough of Charleroi, the operator of the municipal water system. Subsequently, the property owners caused the Checks and the Check Company to be joined as additional defendants.

During the pendency of the action, Gertrude Wright died and the administrator of her estate, George W. Goshorn, was substituted as a party defendant. A jury trial resulted in a verdict for appellee against the property owners and the Authority, and in favor of the additional defendant lessees. This appeal followed the denial of the motion for new trial filed by the property owners, the motions for new trial and judgment n.o.v. filed by the Authority, and the entry of judgment on the verdict of the jury.

Our review of the record in this case leads us to agree with the view of the evidence adopted by the court below. That court said:

"The principal question involved in this case was as to the condition of the sidewalk concrete which collapsed. Testimony was offered by all parties on the condition of this part of the sidewalk and this testimony presented many factual questions for the consideration of the jury. Based on the testimony, the jury.

could have properly found that the surface of the sidewalk appeared in a condition able to hold weight, but that a large depression underlie [sic] the portion of the sidewalk between the water caps. The jury could properly have found from the evidence that plaintiff was not contributorily negligent in failing to discover this condition and was not barred by either the doctrines of contributory negligence or assumption of the risk in his actions of placing the ladder on the concrete. The jury also could properly have concluded the water company was responsible by the actions of its employees in creating the very condition in question due to their work on this concrete area."

Appellants Goshorn and Harper argue that they, as landlords out of possession, could have no liability. The Authority submits that the evidence does not support a finding of negligence against it; that, in any event, its liability is secondary to that of the owner and/or tenant; and that Dinio was contributorily negligent or had assumed the risk. All the appellants also complain that the trial court erred in reading to the jury the allegations of negligence contained in Dinio's complaint.

Initially, we disapprove of the practice of reading the allegations of the complaint to the jury as a part of the charge. Where portions of the pleadings are properly in evidence, the rule may be otherwise, but where, as here, such is not the case, trial courts should not read the allegations as part of the charge. This is particularly so where, as here, the trial court did not indicate to the jury that answers had been filed denying the allegations of negligence. The court did indicate that the contentions were those of the plaintiff, but without further explanation there is grave danger that the jury will give undue weight to the contentions, coming, as they do, from the judge as part of his charge. Cf. *Reese v. Hershey,* 163 Pa. 253, 29 Atl. 907

(1894); *Hollinger v. York Rys. Co.*, 225 Pa. 419, 74 Atl. 344 (1909). The record, however, indicates that the issue was not raised until after the jury had retired to deliberate. The question was not raised at the conclusion of the charge when the trial judge asked counsel for suggestions of error or omission, at which time the court could have corrected the error. We do not conceive the error to be so basic and fundamental as to require a new trial where the parties have not raised it in time to allow the trial court to correct the possible erroneous impression the charge created.

As to the other arguments of the Authority, we conclude that they are without merit. The plaintiff's theory, which, based on this record, the jury had a right to accept, places liability on the Authority for its own active negligence in failing to fill beneath concrete installed by it in connection with repairs to its water plugs. In such circumstances, the issue of primary and secondary liability does not arise. Moreover, the factual issues of negligence, contributory negligence and assumption of the risk were fully tried and the verdict comports with the evidence.

The case against Goshorn and Harper, however, stands on a different footing. In concluding that the landlords out of possession could be held liable, the court below placed heavy reliance on *McLaughlin v. Kelly*, 230 Pa. 251, 79 Atl. 552 (1911) and *Greco v. 7-Up Bottling Co. of Pgh.*, 401 Pa. 434, 165 A. 2d 5 (1960). That reliance was misplaced.

The Check Furniture Co. had been in sole occupancy of the premises since 1942, the last lease renewal having taken place some 8 months before the accident. There is no evidence that the owners knew or should have known, or for that matter could have known, of any defect in the sidewalk caused by a failure of proper filling by the Authority. It is clear that a landlord out of possession is generally not liable for bodily

harm sustained on his property by the lessee and those on the premises under the lessee's right. *Craig v. Ryan,* 201 Pa. Superior Ct. 307, 191 A. 2d 711 (1963) and cases cited therein. There is nothing in this record to indicate that the owners retained any control over the premises on which the accident occurred.

Exceptions do exist to the general rule. In those instances where, at the time of the leasing, the landlord knows, or has reason to know, of a defect, he cannot escape liability. Such was the situation in *McLaughlin,* supra. In *Greco,* supra, the defect was such that it could have been discovered by reasonable inspection. In the case at bar, there is no evidence that the landlords should or could have discovered the defect by any inspection, either before or after the making of the last lease. In such circumstances, the general rule of nonliability of landlords out of possession applies.

The judgment against the Authority of the Borough of Charleroi, appealed from at No. 58 March Term, 1969, is affirmed.

The judgment against George N. Goshorn, Administrator of the Estate of Gertrude M. Wright, and Eva W. Harper, appealed from at No. 53 March Term, 1969, is reversed and a new trial is granted.[1]

Mr. Justice JONES dissents.

––––––––

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

I believe that judgment n.o.v. should be granted to the landlords, namely, George W. Goshorn, Administrator for the Estate of Gertrude Wright, and Eva W. Harper, who were out of possession and had no knowledge of the defective sidewalk.

––––––––

[1] We grant no judgment n.o.v. because no such motion was filed.