J. A01006/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RYAN C. BODECKER, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 590 WDA 2014 |
| JOYCE E. BELL, BRIAN E. BELL AND | : | |
| DAWN E. BELL-STRYKER | : | |

Appeal from the Order Entered March 31, 2014,
in the Court of Common Pleas of McKean County
Civil Division at No. 856 CD 2011

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 11, 2015**

Ryan C. Bodecker appeals from the order entered March 31, 2014, granting summary judgment for defendants/appellees Joyce E. Bell and Dawn E. Bell-Stryker, and dismissing the complaint.  We affirm.

> This case arises out of [an] incident that occurred on May 29, 2011 on the premises located at 309 Fulton Street, Smethport, Pennsylvania. Defendants Dawn Bell Stryker and Brian Bell are title owners to the land.  Defendant Joyce Bell-Stryker [sic] maintains a life estate in the land based on the following language in the deed:  "**ALSO EXCEPTING AND RESERVING** unto the Grantor the full use, control, income and possession of said pieces, parcels or lots of land for and during her natural life." Defendant Joyce-Bell [sic] Stryker lived at the premises from April 12, 2000 until March 1, 2010, when she moved to New Hampshire.  Defendant Dawn Bell-Stryker has never lived in the residence and she currently lives in Tyngsboroug, Massachusetts.  Defendant Brian Bell lives at an

unknown location probably somewhere in Delaware or New Hampshire and has also never lived at the residence in question.

On February 13, 2010, Kristina Johnston leased the residence and lived there with various family members. She paid rent in checks or money orders made to both Joyce Bell and Dawn Bell-Stryker. In April 2011, some shingles were blown off the roof of the Fulton Street residence during a high windstorm. Ms. Johnston reported the damage to Defendant Joyce Bell. Defendant Joyce Bell then contacted her insurance agent, Burns and Burns of Bradford, PA, to report the damage. (Joyce Bell and Dawn Bell-Stryker are listed as the insured on the property). An adjuster was sent to the house and made an estimate. The insurance company then sent $2,000 to Defendant Joyce Bell to be used to repair the damage. Defendant Joyce Bell asked her son Brian Bell to repair the damage and handed over the $2,000 check to him.

Defendant Joyce Bell hired Brian Bell because she had seen him replace the roof on her home with the help of her husband. She had also been told by Brian Bell that he had worked on roofs in the past. Brian Bell enlisted the help of Fred Gamby to help repair the roof.

On May 29, 2011, Ryan Bodecker was at the Fulton Street residence visiting Amber Lawson, a child of Kristina Johnston. Mr. Bodecker was asked to help Brian Bell and Fred Gamby position an aluminum ladder. While assisting, the ladder either contacted or came close to the overhead power lines running alongside the house. Mr. Bodecker, Brian Bell, and Fred Gamby all sustained injuries due [to] the resulting electrical shock.

Trial court opinion, 3/31/14 at 2-3.

Appellant filed a complaint on April 19, 2012. The procedural history of this matter is set forth in the trial court's March 31, 2014 Opinion and

Order at pages 1-2. On February 6, 2014, defendants Joyce Bell and Dawn Bell-Stryker ("Bell-Stryker") filed a motion for summary judgment which was granted on March 31, 2014.[1] This timely appeal followed. Appellant has complied with Pa.R.A.P. 1925(b), and the trial court has filed an opinion.

Appellant has raised the following issues for this court's review:

> I. WHEN VIEWED IN THE CONTEXT OF THE ENTIRE RECORD WHETHER THE LOWER COURT ERRED AS A MATTER OF LAW AND/OR COMMITTED AN ABUSE OF DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF BELL AND BELL-STRYKER[?]

Appellant's brief at 2.

> Summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b), 42 Pa.C.S.A. When considering a motion for summary judgment, the trial court must examine the record in the light most favorable to the non-moving party, accept as true all well-pleaded facts in the non-moving party's pleadings, and give him the benefit of all reasonable inferences drawn therefrom. ***Dibble v. Security of America Life Ins.***, 404 Pa.Super. 205, 590 A.2d 352 (1991); ***Lower Lake Dock Co. v. Messinger Bearing Corp.***, 395 Pa.Super. 456, 577 A.2d 631 (1990). Summary judgment should be granted only in cases that are free and clear of doubt. ***Marks v. Tasman***, 527 Pa. 132, 589 A.2d 205 (1991). We will overturn a trial court's entry of summary judgment only if we find an

---

[1] On March 21, 2014, default judgment was entered against Brian Bell, only.

error of law or clear abuse of discretion. ***Lower Lake Dock Co.***, ***supra***.

***DeWeese v. Anchor Hocking Consumer and Indus. Products Group***, 628 A.2d 421, 422-423 (Pa.Super. 1993).

> It is well-settled that a party may not defeat a motion for summary judgment by relying on the allegations of his complaint. Rather, he must present depositions, affidavits, or other acceptable documents that show there is a factual issue for a jury's consideration. ***Brecher v. Cutler***, 396 Pa.Super. 211, 578 A.2d 481 (1990).

***Id.*** at 424.

> Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a ***prima facie*** cause of action, such that there is no issue to be decided by the fact-finder. [***Lackner v. Glosser***, 892 A.2d 21, 29 (Pa.Super. 2006)]; ***see*** Pa.R.C.P. 1035.2.[Footnote 3] If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied. ***Lackner***, ***supra*** at 29[.]

> [Footnote 3] Rule 1035.2 provides:

>> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

J. A01006/15

> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

***Jones v. Levin***, 940 A.2d 451, 453-454 (Pa.Super. 2007).

> To prevail in a negligence suit, the complaining party must prove four elements:
>
> 1. A duty or obligation recognized by law.
>
> 2. A breach of the duty.
>
> 3. Causal connection between the actor's breach of the duty and the resulting injury.
>
> 4. Actual loss or damage suffered by complainant.
>
> > ***Lux v. Gerald E. Ort Trucking, Inc.***, 887 A.2d 1281, 1286 (Pa.Super.2005), ***appeal denied***, 587 Pa. 731, 901 A.2d 499 (2006) (citation omitted and emphasis removed).

***Id.*** at 454.

> Pennsylvania law follows the general rule that a lessor of land is not liable to the lessee or to others, including business invitees,[2] for the physical harm caused by either natural or artificial conditions on the land which existed when the land was transferred or which arise after the transfer of

---

2 Here, appellant was a social guest, or licensee.

- 5 -

possession. ***Dinio v. Goshorn***, 437 Pa. 224, 228-229, 270 A.2d 203, 206 (1969); ***Pierce v. Philadelphia Housing Authority***, 337 Pa.Super. 254, 257, 486 A.2d 1004, 1005 (1985) (citations omitted); ***Craig v. Ryan***, 201 Pa.Super. 307, 191 A.2d 711 (1963); Restatement (Second) of Torts §§ 355-356 (1965). This principle is based upon the theory that when the lessor leases the land, the law regards the lease transaction as the equivalent to the sale of the land for the term of the lease. Restatement (Second) of Torts § 356, Comment a.

There are several exceptions to this general rule: where the lessor contracts to repair; where the lessor fails to disclose dangerous conditions to the lessee; where the land is leased for the purpose of inviting the public; where the lessor retains a portion of the land but allows the lessee to use it; where the lessor retains a portion of the land that is necessary to maintain the leased part in a safe condition; and, where the lessor negligently makes repairs on the land while it is in the possession of the lessee. ***Smith v. M.P.W. Realty Company, Inc.***, 423 Pa. 536, 225 A.2d 227 (1967); ***Miller v. Atlantic Refining Co.***, 12 D & C.2d 713, (1957) ***aff'd***, 393 Pa. 466, 143 A.2d 380 (1958); ***Pierce***, ***supra***; ***Yarkosky v. The Caldwell Store, Inc.***, 189 Pa.Super. 475, 151 A.2d 839 (1959); ***Coradi v. Sterling Oil Co.***, 378 Pa. 68, 105 A.2d 98 (1954); ***Goodman v. Corn Exchange National Bank and Trust Co.***, 331 Pa. 587, 200 A. 642 (1938); Restatement (Second) of Torts §§ 357-362 (1965). Initially, we note that Restatement sections 355-362 specifically deal with the liability of lessors of land to persons on the land. A review of these sections evidences that liability is premised primarily on possession and control, and not merely ownership. ***See Smith v. King's Grant Condominium***, 418 Pa.Super. 260, 614 A.2d 261 (1992) (while ownership may be a factor under Restatement (Second) of Torts, § 364(c) liability is premised on possession and control); ***Juarbe v. City of Philadelphia***, 288 Pa.Super. 330, 431 A.2d 1073 (1981) (lessor may be held liable for injuries

> sustained on his property if he maintains possession and control over the property).

*Deeter v. Dull Corp., Inc.*, 617 A.2d 336, 338-339 (Pa.Super. 1992), *appeal denied*, 629 A.2d 1380 (Pa. 1993) (footnote omitted). *See also Jones*, 940 A.2d at 454 ("As a general rule, a landlord out of possession is not liable for injuries incurred by third parties on the leased premises because the landlord has no duty to such persons.") (citations omitted).

Here, neither Joyce Bell nor Dawn Bell-Stryker was in possession or control of the land. Therefore, the general rule applies. With regard to Bell-Stryker, she owned the property but otherwise had no real connection to it. As the trial court explained, "She had no control or possession of the property in question. She did not call the insurance company after the lessee reported the damage. She did not receive the insurance check after the adjuster made the estimate. She did not arrange for Brian Bell to make the repairs. Her only possible connection to the property was that of rent collector." (Opinion and Order, 3/31/14 at 7.)

With regard to Joyce Bell, she reserved unto herself use of the property for the remainder of her lifetime. However, appellant admits that Johnson was the tenant of the property. Since Johnson was renting the property and was in possession and control of the property, Joyce Bell and Bell-Stryker were absentee landlords and were not in possession of the property at the time of the accident. They had no duty to appellant. The

trial court did not err in finding that Joyce Bell and Bell-Stryker were not liable.

As stated above, there is a "contracts to repair" exception; however, here, there is no evidence that the defendants took part in the planning of the repair project or were aware of the details of how the project was to be completed. Both Joyce Bell and Bell-Stryker were hundreds of miles away in New England at the time. There is no evidence that they were consulted by Brian Bell and Fred Gamby while the roofing project was being performed in Smethport. The only evidence connecting the defendants to the May 29, 2011 accident is that they had title to the premises and they were aware that Brian Bell and Fred Gamby were going to repair the roof. This is insufficient for a cause of action in negligence.

As the trial court states, the crux of appellant's complaint is really that Joyce Bell and Bell-Stryker are liable for negligently hiring Brian Bell to fix the roof. The trial court determined that no reasonable person could conclude that Joyce Bell was negligent in her selection of Brian Bell as an independent contractor, where he had helped her husband replace the roof on their home and appellant failed to produce any evidence that Joyce Bell had a peculiar duty to protect appellant from harm. (Opinion and Order, 3/31/14 at 8.)

> As a general rule, "the employer of an independent contractor is not liable for the physical harm caused [to] another by an act or omission of the contractor or his servant." ***Mentzer v. Ognibene***, 408

> Pa.Super. 578, 589, 597 A.2d 604, 610 (1991), **alloc. denied**, 530 Pa. 660, 609 A.2d 168 (1992) (citing **Hader v. Coplay Cement Mfg. Co.**, 410 Pa. 139, 151, 189 A.2d 271, 277 (1963) (citations omitted)). "An independent contractor is in possession of the necessary area occupied by the work contemplated under the contract, and his responsibility replaces that of the owner who is, during the performance of the work by the contractor, out of possession and without control over the work or the premises." **Mentzer**, 408 Pa.Super. at 589, 597 A.2d at 610 (citing **Hader**, 410 Pa. at 151, 189 A.2d at 277).

**Motter v. Meadows Ltd. Partnership**, 680 A.2d 887, 890 (Pa.Super. 1996).

> An exception to this general rule is recognized, where the independent contractor is hired to do work which the employer should recognize as likely to create a special danger or peculiar risk of physical harm to others unless special precautions are taken. Restatement (Second) of Torts, §§ 416 and 427 (1965) (adopted as law of Pennsylvania in **Philadelphia Elec. Co. v. James Julian, Inc.**, 425 Pa. 217, 228 A.2d 669 (1967)).

**Id.**

> To determine whether a special danger or peculiar risk exists, the court in **Ortiz v. Ra–El Dev. Corp.**, 365 Pa.Super. 48, 528 A.2d 1355 (1987), **alloc. denied**, 517 Pa. 608, 536 A.2d 1332 (1987), established a two prong test: 1) Was the risk foreseeable to the employer of the independent contractor at the time the contract was executed?; and 2) Was the risk different from the usual and ordinary risk associated with the general type of work done, **i.e.**, does the specific project or task chosen by the employer involve circumstances that were substantially out-of-the-ordinary? **Id.** at 53, 528 A.2d at 1359. This two step process requires that:

> "the risk be recognizable in advance and contemplated by the employer [of the independent contractor] at the time the contract was formed . . . [and that] it must not be a risk created solely by the contractor's 'collateral negligence' . . . [*i.e.*,] negligence consisting wholly of the improper manner in which the contractor performs the operative details of the work."
>
> ***Edwards v. Franklin & Marshall College***, 444 Pa.Super. 1, 7, 663 A.2d 187, 190 (1995) (quoting ***Mentzer***, 408 Pa.Super. at 592, 597 A.2d at 610).

*Id.*[3]

Here, there was nothing particularly dangerous about repairing the roof. All that needed to be done was to replace some shingles that had blown off during a storm. The insurance company estimated the total cost of repair as $2,000. This was not a complicated project. As the trial court states, it was a reasonable assumption that an individual who can replace a roof can also repair a roof. (Opinion and Order, 3/31/14 at 8.) Certainly, it

---

[3] **§ 411. Negligence in Selection of Contractor**
An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

> (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons.

Restatement (Second) of Torts § 411.

was not reasonably foreseeable that during repair of the roof, an aluminum ladder would come into contact with nearby power lines, electrocuting appellant. If anything, it was the contractor, Brian Bell, who created the risk through his own negligence. Brian Bell asked appellant for assistance in moving the ladder. We agree with the trial court that neither Joyce Bell nor Bell-Stryker had a "peculiar duty" to protect appellant under these circumstances. They were simply too far removed from the situation.

Finally, appellant claims that in ruling on the motion for summary judgment, the trial court ran afoul of the **Nanty-Glo** rule. Appellant complains that the trial court relied on the deposition testimony of Joyce Bell and Bell-Stryker in concluding that Brian Bell was an independent contractor and that they were not negligent in hiring him to perform the work.

> In determining the existence or non-existence of a genuine issue of a material fact, courts are bound to adhere to the rule of **Nanty-Glo v. American Surety Co.**, 309 Pa. 236, 163 A. 523 (1932) which holds that a court may not summarily enter a judgment where the evidence depends upon oral testimony.

> "'However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the **evidence**': **Reel v. Elder**, 62 Pa. 308."

309 Pa. at 238, 163 A. at 524. The **Nanty-Glo** rule means that:

> "Testimonial affidavits of the moving party or his witnesses, not documentary, even if uncontradicted, will not afford sufficient basis for the entry of summary judgment, since the credibility of the testimony is still a matter for the jury."

**Goodrich-Amram**, 2d, **supra**, § 1035(b): 4 at pp. 434-35.

**Penn Center House, Inc. v. Hoffman**, 553 A.2d 900, 903 (Pa. 1989).

The trial court states that it did consider the deposition testimony of Joyce Bell and Bell-Stryker; however, it did not rely exclusively on their testimony. (Trial court opinion, 5/9/14 at 2.) As the trial court points out, it is undisputed that Joyce Bell and Bell-Stryker were out-of-possession landlords and that Johnson was renting the property. (**Id.**) Since Johnson was the tenant and controlled the property, the general rule applies and Joyce Bell and Bell-Stryker cannot be liable. (**Id.**)

Regarding appellant's claim of negligent hiring, appellant would first have to show the existence of an exception to the general rule that an employer of an independent contractor is not liable. As discussed above, it is clear that the defendants owed no special duty to appellant. Repairing the roof did not involve an unreasonable risk of harm. (**Id.** at 3.) There was nothing about replacing shingles on the roof that presented a special danger or was out of the ordinary. As appellees observe, appellant did not gather any evidence to prove his allegations and cannot simply rely on the

allegations in his pleadings to defeat a motion for summary judgment. (Appellees' brief at 17.) Appellant did not depose Brian Bell (who, admittedly, could not be located to be served) or Fred Gamby. Appellant did not depose any occupant of the premises. Appellant did not present any evidence of the professional experience of Brian Bell or Fred Gamby other than through the testimony of Joyce Bell and Bell-Stryker. (*Id.*) Appellant developed no evidence during discovery to support his theories of liability. Simply stated, there was nothing here that could go to the jury. The trial court did not err in granting summary judgment for the defendants.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2015